[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSARA INC.,<br><br>    Defendant. | CASE NO. 3:24-cv-00902-JD<br><br>**PLAINTIFF MOTIVE'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY AND RE-SET THE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge:      Hon. James Donato<br>Date:       October 31, 2024<br>Time:       10:00 am<br>Courtroom:  Courtroom 11, 19th Floor |

## I. INTRODUCTION

Samsara does not dispute that the sole reason why the Court initially stayed this matter—to permit the District of Delaware to address transfer of Samsara's action—is gone. Given that the original justification for the stay has lapsed, Samsara's opposition essentially asks for a new stay based on mischaracterizations of both this Court's Order Relating Cases (the "Order"), ECF 63, and Motive's causes of action. Samsara has done everything possible to avoid responding to Motive's allegations, and the time has now come. Motive respectfully asks that the Court lift the stay, ECF 52.

## II. ARGUMENT

When the District of Delaware ruled against Samsara and transferred Samsara's lawsuit to this Court, the sole basis for staying Motive's independent action was resolved. This case was stayed only because Samsara requested that the District of Delaware first address the proper venue for its own action. In ruling against Samsara, that court made clear that Motive's case was substantively different: it determined that "[a]s Motive correctly points out, . . . [Samsara's] action does not involve the same issues already before [the Northern District of California]" in Motive's action; accordingly, the first-to-file rule did not apply, and Samsara's suit was transferred to this District. ECF 57-1 at 6 n.4 (internal quotation marks omitted). Although Samsara tries to pretend otherwise,[1] the District of Delaware found that the factual bases for Motive's claims are "factually distinct" from Samsara's:

> "Indeed, the primary focus of the analysis is on whether the issues in the current matter concern the same set of facts as in the first-filed action. This action stems from Motive's alleged infringement of Samsara's patents and theft of its proprietary technology, whereas the California Action principally involves Samsara's purported infringement of Motive's patent and misappropriation of its trade secrets—*two factually distinct disputes*."

*Id.* (internal quotation marks and citations omitted) (emphasis added). The transfer of Samsara's action thus conclusively demonstrates that the stay of Motive's action should be lifted. *See Wilson v. Frito-Lay North America, Inc.*, No.12-cv-01586-JST, 2017 WL 550211, at *2–3 (N.D. Cal. Feb. 10, 2017) (lifting

---

[1] Samsara points to the District of Delaware's note that Samsara's arguments "only tip[] the scale further in favor of transfer" because "[l]itigating different claims in different venues at different speeds – all based on the same set of facts – promotes obvious inefficiencies," *see* Opp. at 6 (quoting ECF 57-1 at 11 n.6), but the District of Delaware there was discussing Samsara's ITC complaint, which includes the same allegations as those in Samsara's district court case and in the arbitration—and the District of Delaware "decline[d] to rule on" Motive's motions to stay based on the ITC investigation and the arbitration clause in Samsara's terms of service. *id.* at 1 n.1.

stay as to a summary judgment motion when a decision by another court "eliminate[d] the main reason" for the stay).

Samsara argues that this Court should ignore the District of Delaware's decision, conclude that Motive's and Samsara's cases are "interdependen[t]," and impose a further stay on Motive's case until Samsara's case has resolved entirely.  Opp. at 7.  But "[t]he proponent of a stay bears the burden of establishing its need."  *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1043 (N.D. Cal. 2020) (citation omitted).  Courts in the Ninth Circuit assess stay requests based on three factors: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  Samsara fails to meets its burden on each factor.

Samsara's only argument is that Motive's claims "depend directly" on the outcome of Samsara's claims such that litigating Motive's causes of action alongside Samsara's would be "inefficien[t]." Opp. at 1, 3.  To support this argument, Samsara misleadingly suggests that this Court already found Motive's case substantively related to Samsara's case when it granted the administrative motion to relate cases under Local Rule 3-12.  ECF 63.  As the Court knows, it made no such findings.  According to Local Rule 3-12, "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense *or* conflicting results if the cases are conducted before different Judges."  The parties agreed that both actions (1) concern the same parties and (2) would thus "benefit from oversight by the same Judge, given the potential efficiencies arising from managing cases involving the same parties."  ECF 62. That was sufficient for the Court to administratively relate the cases.  The Court did not need to, and did not, determine whether the cases were substantively related, *see* ECF 63—something that the parties fiercely disputed, *see* ECF 59 (Motive arguing that the actions "do not concern the same property, transactions, or events and hence do not give rise to a risk of different results.").  None of Samsara's cited cases say otherwise.  *See* Opp. at 4.

2
REPLY ISO MOTIVE'S MOTION TO LIFT THE STAY                                                    CASE NO. 3:24-CV-00902-JD

Samsara's collateral attack on the District of Delaware's decision also fails because Motive's claims do not in fact "depend directly" on the outcome of the claims in Samsara's case. ECF 63. As Motive has explained, although some of Motive's claims are brought under the same *laws* as Samsara's—for example, both companies assert fraud claims—the *factual predicates* of Motive's claims differ from Samsara's. *See* ECF 39; ECF 34-10. For example, resolving Samsara's fraud and unfair competition claims, which relate to *Motive employees'* alleged access to Samsara's platform, would not resolve Motive's fraud and unfair competition claims, which involve *Samsara employees'* access to Motive's platform, *Samsara's* false advertisements, and *Samsara employees'* impersonation of Motive employees to Motive customers. And as the District of Delaware already determined, *Samsara's* infringement of Motive's patent and its theft of trade secrets is unrelated to *Motive's* alleged infringement of Samsara's patents.

Even if Motive's defamation and intentional interference claims include overlap with certain of Samsara's claims, there is no reason to stay Motive's case in favor of Samsara's. The factual issues can just as easily be resolved in Motive's action—the District of Delaware has already determined that the first-to-file rule does not apply, ECF 57-1, and Samsara has identified no other reason that its case must be resolved first. No other proceeding is already addressing the merits of these claims; as Samsara points out, the arbitrator is currently addressing arbitrability of the claims brought by Samsara. Opp. at 5–6.

Moreover, Samsara does not cite a single case where such limited overlap merited a stay. For example, in support of its request, Samsara points to *Aland v. U.S. Dep't of the Interior*; yet in that case, the court granted a stay of a challenge to an administrative rule pending the outcome of prior filed cases challenging that exact same rule, which were already under appellate review. *See* 2022 WL 1539522 (N.D. Cal. May 16, 2022). Such an outcome plainly has little to say regarding the factually distinct issues contained in Motive's and Samsara's respective cases. Samsara also cites *Bates v. Morgan Stanley Smith Barney LLC*, where the court granted a stay because "the gravamen of the action" was already being addressed in an ongoing arbitration, and "to the extent other [minor related] issues are involved . . . they are minor issues which the court can easily address in conjunction with the full resolution of the case, following the arbitration proceedings." 2010 WL 3341819, at *1 (E.D. Cal. Aug. 25, 2010) (citation omitted). Similarly, in *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, the court stayed a second-filed declaratory action brought by the defendant in the original case, because the declaratory action

squarely depended on resolution of certain factual issues in the underlying tort action. *See* 2016 WL 1534885, at *2 (N.D. Cal. Apr. 15, 2016). By contrast, as discussed above, the gravamen of Motive's complaint will not be resolved by Samsara's action.

Samsara itself cites *Leyva v. Certified Grocers of Cal., Ltd.*, which provides that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." 593 F.2d 857, 864 (9th Cir. 1979); *see also Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). But an indefinite stay is precisely what Samsara requests here.

In attempting to argue the merits of its claims, Samsara again attempts to resuscitate its meritless contract formation argument, but as Motive has explained and the arbitrator (Judge Ware) already has *twice* held, there is no contract formation issue: Samsara's claims are subject to binding arbitration under *Samsara's* own clickwrap terms of service, which the parties agreed to per *Samsara's* own allegations. *See* ECF 53-2; ECF 60, Exhibit 1. And this Court has already concluded that the parties delegated this issue to the arbitrator. *Samsara v. Motive*, No. 24-cv-6049, ECF 80 (N.D. Cal. Sept. 18, 2024) ("Samsara does not disagree that the delegation clause is as Motive Technologies says, or that Motive agreed to Samsara's terms of service to obtain access to Samsara's products. Parties are perfectly free to delegate formation and enforcement questions to an arbitrator. That is what happened here, and Samsara's contention that the agreement should be unenforceable in light of Motive's conduct is exactly the type of question the parties agreed to delegate to the arbitrator." (citation omitted)).[2] Samsara's claims are also subject to the mandatory stay under 28 U.S.C. § 1659 because Samsara filed a virtually identical pleading before the ITC—putting at issue before the ITC the same three patents and the same allegations regarding Motive's conduct as Samsara did in its complaint, *see* ECF 39 at 14–15. Accordingly, Samsara's claims must be stayed pending both the arbitration and the ITC proceeding, and Motive's claims should proceed.

---

[2] Samsara argues that the Court's determination, which *Samsara* asked for "on extremely short notice," is not a ruling on the merits. Opp. at 5 n.1. But Samsara provides no reason that the Court's ruling, which was based on briefing by both parties, controlling law, Samsara's allegations, and Samsara's terms of service—none of which will change—should be altered.

Given the difference in factual predicates between Motive's claims and Samsara's claims, there is no basis to stay Motive's action. There is no simplification of issues, proof, and questions of law, and there is no hardship or inequity on Samsara being required to go forward on Motive's claims, because Motive's claims will not be resolved by Samsara's action. *See Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis* [*v. N. Am. Co.*, 299 U.S. 248 (1936)]."). A further stay would not obviate litigation here; instead, it would merely unfairly delay the Court's consideration of Motive's claims.

## III.   CONCLUSION

For the foregoing reasons, Motive respectfully request that the Court the lift the stay (ECF 52) on Motive's case, deny Samsara's motion to transfer to the District of Delaware (ECF 34), and re-set the Initial Status Conference.

DATED: October 15, 2024

By: */s/ David S. Bloch*
David S. Bloch (SBN CA 184530)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.590.5110
Facsimile: 415.707.2010
david.bloch@gtlaw.com

Yang Liu (SBN CA 319390)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California, 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
yang.liu@gtlaw.com

Joseph G. Petrosinelli (*pro hac vice*)
C. Bryan Wilson (*pro hac vice*)
Angela Pyo (SBN CA 337973)
Jack H. Danon (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: 202.434.5547
Facsimile: 202.434.5029
jpetrosinelli@wc.com

cwilson@wc.com
apyo@wc.com
jdanon@wc.com

Attorneys for Plaintiff
MOTIVE TECHNOLOGIES, INC.