[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC., a Delaware Corporation<br><br>    Plaintiff,<br><br>v.<br><br>SAMSARA INC., a Delaware corporation.<br><br>    Defendant.<br><br>SAMSARA INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MOTIVE TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 3:24-cv-00902-JD<br>Case No. 3:24-cv-06049-JD<br><br>**MOTIVE'S NOTICE OF FURTHER DEVELOPMENTS IN THE INTERNATIONAL TRADE COMMISSION** |

Pursuant to the hearing on October 31, 2024 and the Court's subsequent Order in Case No. 3:24-cv-00902-JD, ECF 70, Plaintiff Motive Technologies, Inc. ("Motive") hereby provides notice of further developments in the suit that Defendant Samsara Inc. ("Samsara") filed before the U.S. International Trade Commission ("ITC"). Although the ITC trial was scheduled to take place from November 14–20, 2024, after opening statements the Administrative Law Judge had to continue the trial due to reasons unrelated to the investigation or the trial. A new trial date has not yet been set.

Shortly before the ITC trial, the Commission Investigative Staff ("Staff"), which functions as an independent litigant representing the public interest in the investigation, issued a public version of its Pre-Hearing Brief originally dated October 31, 2024, which is attached as Exhibit A. After more than 180 pages of thorough analysis on a claim-by-claim basis of Samsara's patent infringement allegations—on the same three patents Samsara asserts in its suit here, Case No. 3:24-cv-06049—the Staff concluded that it "does not expect the evidence to establish" any infringement by Motive. Ex. A at 188.

The Staff provided multiple independent reasons for its conclusion that Motive would prevail on each of Samsara's asserted patents.

- With respect to U.S. Patent No. 11,611,621 ("the '621 Patent"):

    o "[T]he Staff does not expect the evidence to show that [the accused product] satisfies each limitation of the asserted claims." *Id.* at 38.

    o "Commission policy favors the adjudication of redesigns to prevent subsequent and potentially burdensome proceedings that could have been resolved in the first instance in the original Commission investigation." *Id.* at 53 (internal quotation marks and citations omitted). "[T]he Staff does not expect the evidence to show that Motive's redesign infringes the asserted claims of the '621 Patent." *Id.* at 54.

    o "[T]he Staff does not expect Samsara to be able to satisfy the technical prong of the domestic industry requirement." *Id.* at 56.

    o "Given the crowded field of art, the Staff believes the question of obviousness may be a close call. . . . At this time, the Staff is not in a position to state affirmatively that the evidence is expected to show or not show obviousness. The Staff reserves the right to reassess the issue of obviousness based on evidence, including expert testimony, introduced at the hearing." *Id.* at 65. However, "[t]he evidence is expected to show that secondary considerations do not support a finding of non-obviousness." *Id.* at 66.

- With respect to U.S. Patent No. 11,127,130 ("the '130 Patent"):

    - "[T]he Staff does not expect the evidence to show infringement of the '130 Patent." *Id.* at 77.

    - "[A]s with the '621 Patent, the Staff expects Motive to present evidence showing that its redesign does not infringe the '130 Patent." *Id.* at 103.

    - "[T]he Staff does not expect Samsara to be able to satisfy the technical prong of the domestic industry requirement for the '130 Patent." *Id.* at 104–105.

    - "The Staff expects the evidence to show that the '130 Patent is invalid for claiming ineligible subject matter." *Id.* at 105.

    - "[I]n terms of anticipation and obviousness, the Staff expects these to be close calls." *Id.* However, "the evidence is not expected to show that any secondary considerations would support a finding of non-obviousness." *Id.* at 116.

- With respect to U.S. Patent No. 11,190,373 ("the '373 Patent"):

    - "[T]he Staff does not expect the evidence to show that the accused systems satisfy each limitation of the asserted claims." *Id.* at 120.

    - "[T]he Staff expects the evidence to show that if [REDACTED], then the redesigns will not infringe the asserted claims of the '373 Patent." *Id.* at 133.

    - "The Staff expects the evidence to show that the '373 Patent is invalid for claiming ineligible subject matter." *Id.* at 137.

    - "[T]he Staff believes the issues of anticipation and obviousness present some close questions." *Id.* at 137. However, as to secondary considerations of obviousness, "[a]lthough the evidence is expected to afford Samsara a presumption of nexus . . . , the Staff expects the evidence and testimony to the contrary to overcome this presumption" because "Samsara's arguments and evidence of secondary considerations for the patented inventions of the '373 Patent do not differ from the arguments and cited evidence for the '621 and '130 Patents." *Id.* at 146.

Moreover, with respect to the same copying allegations Samsara made in the ITC as it does in this case, the Staff specifically concluded that although "[i]t is clear that Samsara plans to devote significant trial time to the issue of copying, . . . ***the evidence is not expected to show there is a nexus between [any of the asserted patents] and the alleged copying***." *Id.* at 66 (emphasis added). The Staff further explained:

> Samsara alleges that Motive employees had access to Samsara's products, but this does not establish that Motive had access to or copied the [asserted patents'] features. In the Staff's view, ***the bulk of the evidence expected to be offered by Samsara will demonstrate the highly competitive nature of both parties and the industry as a whole, but will not***

> ***demonstrate that Motive has copied the specifically patented features*** of the [asserted patents]. Additionally, the Staff expects Motive to offer evidence and testimony showing that Motive was already working on its own [accused products] at the time Samsara alleges Motive gained access to its products. Nor will evidence of copying suffice if it is shown that the copied features were known in the art. The Staff therefore does not expect the evidence to show copying.

*Id.* (emphasis added).[1]

Motive will advise the Court of any further developments in the ITC, including when a new trial date is scheduled. As noted in the Arbitrator's Order No. 6 attached to the parties' contemporaneously filed Joint Notice of Arbitration Developments, Judge Ware has found that all six non-patent counts pleaded in Samsara's complaint before this Court (Counts IV-IX) "are arbitrable because they 'arise from or relate to' the Terms of Service or use of Samsara's Products," and thus fall within the ambit of the arbitration clause in the Terms of Service (which Judge Ware found is a valid contract between the Parties). Judge Ware found that "the patent infringement causes of action (Counts I, II and III) are not within the ambit of the arbitration provision in the Terms of Service" and thus dismissed them from the arbitration.

Additionally, on November 12, 2024, less than two weeks after the hearing before this Court and the delivery of the ITC Staff Report, Samsara filed yet another case against Motive in yet another jurisdiction, this time in the Superior Court of the State of California for the County of San Francisco, alleging theft of trade secrets. Samsara filed this new case, in now a fourth forum, with separate counsel from Gibson Dunn & Crutcher LLP, despite the Court's admonition that the parties try to narrow and resolve their disputes rather than expand them, and that it was "ridiculous" to have multiple pending cases between the parties in multiple jurisdictions.

DATED: November 18, 2024                Respectfully submitted,

By: ___/s/ David S. Bloch___
David S. Bloch (SBN CA 184530)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668

---

[1] The Staff provided this explanation as to the '621 Patent; it then noted that because Samsara made the same arguments as to the other asserted patents, the same analysis applies. *See* Ex. A at 116 (as to the '130 Patent); *id.* at 146–147 (as to the '373 Patent).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: 415.590.5110
Facsimile: 415.707.2010
david.bloch@gtlaw.com

Yang Liu (SBN CA 319390)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California, 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
yang.liu@gtlaw.com

Joseph G. Petrosinelli (*pro hac vice*)
C. Bryan Wilson (*pro hac vice*)
Angela Pyo (SBN CA 337973)
Jack H. Danon (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: 202.434.5547
Facsimile: 202.434.5029
jpetrosinelli@wc.com
cwilson@wc.com
apyo@wc.com
jdanon@wc.com

*Attorneys for*
MOTIVE TECHNOLOGIES, INC.

**FILER'S ATTESTATION**

I, David S. Bloch, am the docket user whose identification and password are being used to file the Joint Notice of Arbitration Developments. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ DRAFT

**CERTIFICATE OF SERVICE**

I, David S. Bloch, hereby certify that, on November 18, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's electronic filing system.

>　　　　　　　　　　　　*/s/ DRAFT*
>　　　　　　　　　　　　David S. Bloch