| | |
|---|---|
| David S. Bloch (SBN CA 184530)<br>GREENBERG TRAURIG, LLP<br>101 Second Street, Suite 2200<br>San Francisco, California 94105-3668<br>Telephone:    415.590.5110<br>Facsimile:    415.707.2010<br>blochd@gtlaw.com<br><br>Attorney for<br>MOTIVE TECHNOLOGIES, INC.<br><br>*Additional counsel on signature page* | Ellisen S. Turner, P.C. (SBN 224842)<br>Ali-Reza Boloori (SBN 271489)<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East<br>Los Angeles, CA 90067<br>Telephone:    (310) 552-4200<br>Facsimile:    (310) 552-5900<br>ellisen.turner@kirkland.com<br>ali-reza.boloori@kirkland.com<br><br>Attorneys for SAMSARA INC.<br><br>*Additional counsel on signature page* |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSARA INC.,<br><br>    Defendant. | Case No. 3:24-cv-00902-JD;<br>Case No. 3:24-cv-06049-JD<br><br>**JOINT STATUS REPORT** |
| SAMSARA INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MOTIVE TECHNOLOGIES, INC.,<br><br>    Defendant. | |

Pursuant to the Court's Order in Case No. 3:24-cv-00902-JD, ECF 76, Motive Technologies, Inc. ("Motive") and Samsara Inc. ("Samsara") (together, the "Parties") hereby jointly provide a status report regarding the Court-ordered mediation process and the presently pending motions in Case Nos. 24-cv-00902-JD ("**Motive Case**") and 24-cv-06049-JD ("**Samsara Case**").

## I. The Court-Ordered Mediation

The Court ordered the parties to meet and confer about exchanging documents that would facilitate settlement discussions, with the exchange to occur by mid-December, 2024. Ex. 1 (10/31/2024 Hrg. Tr.) at 25:21–25. The Court further ordered the parties to thereafter attend a mediation by mid-to-late January, 2025. Ex. 1 (10/31/2024 Hrg. Tr.) at 26:2–22. On January 7, 2025, the Parties held a mediation session regarding all of their pending disputes with Kent Stevens, who had previously conducted a mediation between the Parties in the International Trade Commission proceeding. The Parties appeared for the mediation through their outside counsel in these proceedings and the ITC proceeding, as well as in-house counsel and had further discussions following the initial mediation session. The Parties did not settle their disputes.

### A. Samsara's Statement

As the Court ordered, the Parties met and conferred before the mediation to exchange relevant documents and information to advance settlement discussions. Samsara has produced for review in this case (not merely for mediation) technical documentation and source code for the feature that Motive accused of patent infringement. Although Motive argues Samsara's production was deficient because it did not include "server-side code," it does not dispute that the "client-side code" that Samsara did produce was sufficient for Motive to confirm lack of infringement. Contrary to Motive's assertion, Samsara did not "rebuff" Motive's request for "server-side code." Samsara promptly began to identify and collect "server-side code" after Motive requested it despite the lack of relevance (notably, such code was not identified in Motive's infringement contentions[1]). Despite Motive's apparent incorrect understanding of

---

[1] On May 17, 2024, Motive served its LPR 3-1 Infringement Contentions for the '580 patent. *See* Ex. 2 (5/17/2024 Bloch Ltr. to Boloori). These contentions do not add any detail beyond what Motive has included in its original and amended complaints.

1

JOINT STATUS REPORT       Case Nos. 24-cv-00902-JD; 24-cv-06049-JD

the function of client-side and server-side code, Samsara has made both server-side and client-side code related to the accused feature available for inspection by Motive's counsel for purposes of this litigation. Samsara also produced additional documents, investigated whether any of the former Motive employees that joined Samsara brought with them any of the documents that Motive has identified, searched its systems for those documents (contrary to Motive's assertion below), and confirmed that no such documents were found.

As discussed during the October 31, 2024 hearing (before the Court ordered the parties to mediate), a key settlement issue for Samsara was obtaining in-house review of the documents in Motive's possession that contain Samsara confidential information. Samsara previously provided a list with 30 documents that Motive had produced in the parallel ITC Investigation with an attorney's-eyes-only confidentiality designation, and previously requested Motive's consent for those documents to be shared with designated in-house counsel at Samsara, after redacting any Motive confidential information therefrom. The 30 documents are either not confidential or contain only Samsara confidential information as redacted. Motive has never consented to that disclosure, Samsara's in-house counsel has never seen the documents, and Samsara expects that the confidentiality of, and access to, those documents will ultimately need to be resolved through judicial intervention.

Motive's professed surprise regarding Samsara's separate state court trade secret complaint is itself surprising. Samsara notified Motive of those claims and its desire to file a new complaint to resolve them in August 2024, during the ITC Investigation, and it was Motive that first suggested then that Samsara should pursue those claims in separate litigation. In any event, there is no live trade secret claim in the arbitration, and the trade secret claim in Samsara's state court case involves separate Motive misconduct that is not at issue in the arbitration.

### B. Motive's Statement

Rather than focusing on trying to resolve the case, as the Court admonished the parties at the October 31, 2024 hearing, Samsara filed a new lawsuit. On November 12, 2024, Samsara sued Motive again, this time in the Superior Court for the County of San Francisco, claiming misappropriation of trade secrets (a claim it already asserted as a counterclaim in the arbitration). *Samsara, Inc. v. Motive*

2

JOINT STATUS REPORT                                    Case Nos. 24-cv-00902-JD; 24-cv-06049-JD

*Technologies, Inc.*, No. CGC-24-619720. Motive filed a motion to compel arbitration and stay the proceedings, which is set for hearing on February 21, 2025. Motive nonetheless mediated in good faith and remains willing to try to resolve the parties' many legal disputes.

Motive believes the parties' Mediation Agreement precludes Samsara's commentary in the preceding section of this Report about the parties' mediation efforts and exchange of documents, and that such discussion is unnecessary, inappropriate, and counter-productive. Motive further disagrees with Samsara's purported description of documents that are currently under one or more protective orders.

With respect to the pre-mediation exchange of information, Motive is constrained to point out that Samsara's description is inaccurate. For example, Samsara says that it "produced technical documentation and source code for the feature that Motive has accused of patent infringement in this case." In fact, after multiple delays based on Samsara's insistence on access restrictions and pre-approvals *not* present in the mediation agreement, Samsara produced only *client-side* code. Motive repeatedly requested the accompanying server-side code but was rebuffed. In the days leading up to the mediation, Samsara belatedly offered to provide certain limited server-side code on January 6 but did not actually provide that code, and thus the mediation proceeded with Samsara's most basic disclosure obligations unfulfilled.

Motive complied with the parties' agreed-upon information exchange. Giving in-house counsel access to attorneys' eyes only material was not required by the parties' mediation agreement or the Court's instructions. *See* 10/31/24 Tr. 24:10-15. In fact, Samsara proposed such a requirement be part of the parties' mediation agreement and Motive rejected it. Samsara also did not offer any bilateral exchange of documents with Motive of confidential documents that both side's in-house counsel could review; rather, Samsara claimed that it lacked such documents but failed to search for them. Samsara's suggestion that it does not have enough information to inform a resolution of the parties' competing claims against each other is inaccurate.

II. **Pending Motions**

The following motions in Case Nos. 3:24-cv-00902-JD and 3:24-cv-06049-JD are pending before the Court:

A. **Motive's Motion to Stay Pending ITC Investigation (Case No. 3:24-cv-06049-JD):**

- Motive's Motion to Stay Proceedings Pending Disposition of the United States International Trade Commission Investigation, filed by Motive Technologies Inc. (Samsara Case, Dkt. 29)

- Answering Brief in Opposition re 29, Motion to Stay Proceedings Pending Disposition of the United States International Trade Commission Investigation filed by Samsara Inc. (Samsara Case, Dkt. 31)

- Reply to Response to Motion re 29 Motion to Stay Proceedings Pending Disposition of the United States International Trade Commission Investigation filed by Motive Technologies Inc. (Samsara Case, Dkt. 36)

B. **Motive's Motion to Stay Case Pending Arbitration (Case No. 3:24-cv-06049-JD):**

- Defendant Motive Technologies, Inc.'s Opening Brief in Support of Its Renewed Motion to Transfer Venue Under 28 U.S.C. § 1404(a) or, in the Alternative, to Dismiss Under Rule 12(b)(6) (Samsara Case, Dkt. 26)

- Plaintiff Samsara's Answering Brief to Defendant's Renewed Motion to Transfer Venue Under 28 U.S.C. § 1404(a), or in the Alternative, to Dismiss Under Rule 12(b)(6) (Samsara Case, Dkt. 33)

- Defendant Motive Technologies, Inc.'s Reply in Support of its Renewed Motion to Transfer Venue Under 28 U.S.C. § 1404(a) or, in the Alternative, to Dismiss Under Rule 12(b)(6) (Samsara Case, Dkt. 35)

C. **Motive's Request to Lift the Stay (Case No. 3:24-cv-00902-JD):**

- Notice by Motive Technologies, Inc. re 52 Order, Terminate Motions, Terminate Deadlines and Hearings, Order in Arbitration and Requests to Lift to Stay (Motive Case, Dkt. 53)

- Response re 53 Notice (Other) of Arbitration Developments and Request to Lift the Stay by Samsara, Inc. (Motive Case, Dkt. 54)

- Response re 54 Response (Non Motion), Plaintiff Motive's Reply to Samsara's Response to the Notice of Arbitration Developments and Requests to Lift the Stay by Motive Technologies, Inc. (Motive Case, Dkt. 55)
- Notice of Developments in the District of Delaware and Arbitration and Request to Lift the Stay by Motive Technologies, Inc. re 52 Order, Terminate Motion, Terminate Deadlines and Hearings (Motive Case, Dkt. 57)
- Response re 57 Notice (Other), of Developments in the District Court of Delaware and Arbitration and Request to Lift the Stay by Samsara Inc. (Motive Case, Dkt. 58)
- Plaintiff Motive's Notice of Further Developments in the District of Delaware and JAMS Arbitration and Request to Lift the Stay by Motive Technologies, Inc. (Motive Case, Dkt. 60)
- Motion to Lift Stay re 52 Order, Terminate Motions, Terminate Deadlines and Hearings, Re-Set the Initial Case Management Conference filed by Motive Technologies, Inc. (Motive Case, Dkt. 64)
- OPPOSITION/RESPONSE (re 64 Motion to Lift Stay re 52 Order, Terminate Motions, Terminate Deadlines and Hearings, Re- Set the Initial Case Management Conference) filed by Samsara Inc. (Motive Case, Dkt. 66)
- Plaintiff Motive's Reply in Support of Motion to Lift the Stay and Re-set the Initial Case Management Conference (re 64 Motion to Lift Stay re 52 Order, Terminate Motions, Terminate Deadlines and Hearings, Re-Set the Initial Case Management Conference) filed by Motive Technologies, Inc. (Motive Case, Dkt. 67)

**D. Samsara's Motion to Dismiss (Case No. 3:24-cv-00902-JD) (not yet fully briefed):**

- Motion to Dismiss (Renewed) filed by Samsara Inc. Motion to Dismiss Hearing set for 6/27/2024 10:00 AM in San Francisco, Courtroom 11, 19th Floor (Motive Case, Dkt. 49)
- OPPOSITION/RESPONSE (re 49 Samsara's Renewed rule 12(b)(6) Motion to Dismiss) filed by Motive Technologies, Inc. (Motive Case, Dkt. 51)

The Parties' positions regarding the process for resolving these pending motions are set forth below.

**A. Motive's Motions to Stay Samsara's Case: (i) Pending the Resolution of the ITC Investigation; and (ii) Pending Arbitration (Case No. 3:24-cv-06049-JD)**

On January 24, 2024, Samsara filed a complaint against Motive in the District of Delaware alleging claims for infringement of three patents, together with non-patent claims, including false advertising, fraud, and unfair competition.[2] Samsara thereafter filed a complaint against Motive in the United States International Trade Commission for infringement of the same three patents asserted in the Samsara Case ("ITC Investigation"). The ITC Investigation is pending, with an evidentiary hearing scheduled for March 14–20, 2025. After the ITC complaint, Motive filed: (1) a Demand for Arbitration at JAMS to arbitrate Samsara's patent and non-patent Delaware claims asserted in the District of Delaware; (2) a motion to dismiss the Delaware complaint in favor of arbitration[3] or in the alternative to transfer the case to the Northern District of California; and (3) another motion to stay the entire Samsara Case in light of the ITC Investigation. On August 14, 2024, the Delaware court granted Motive's motion to transfer to the Northern District of California. Samsara Case, at Dkt. 61.[4] The Samsara Case was transferred to this Court on August 27 and reassigned to Your Honor. *See* Samsara Case, 8/27/2024 Docket Remark (noting transfer from District of Delaware and docketing case as Case No. 24-cv-06049); Samsara Case, Dkt. 70. Following transfer to this Court, Motive re-noticed (i) its motion to stay all of Samsara's claims pending the resolution of the ITC Investigation and (ii) its motion to stay the Samsara Case pending arbitration. Samsara Case, Dkt. 73. Both of these motions have been fully briefed.

Samsara filed a motion before the Arbitrator (Judge Ware) contesting arbitral jurisdiction and a motion in this Court (Samsara Case, Dkts. 47–50) to enjoin the arbitration. In their previous Joint Notice

---

[2] In the District of Delaware, this case was docketed as *Samsara Inc. v. Motive Techs., Inc.*, C.A. No. 24-084-MN (D. Del.); following transfer to this Court, the case (Samsara Case) was docketed as *Samsara Inc. v. Motive Techs., Inc.*, Case No. 3:24-cv-06049-JD (N.D. Cal.).

[3] This motion was subsequently converted to a motion to stay in favor of arbitration or in the alternative to stay. Samsara Case, Dkt. 43; Samsara Case, June 5, 2024 Text Order. After the Delaware court transferred the case to this Court, pursuant to the Court's orders and the Local Rules, on September 11, 2024, Motive re-noticed both fully briefed motions to stay. Samsara Case, Dkt. 73.

[4] Docket numbers 1–61 in the Samsara Case refer to entries in the District of Delaware before transfer to the Northern District of California.

of Arbitration Developments, Dkt. 74, the Parties provided the Arbitrator's decision on arbitrability, which found that Samsara's patent claims (which are before the ITC) are not arbitrable but that certain of Samsara's non-patent claims are arbitrable. Samsara moved for reconsideration of that ruling, and the Arbitrator denied Samsara's motion. On September 18, 2024, this Court denied Samsara's request to preliminarily enjoin the arbitration pending a ruling on Motive's motion to stay arbitration. Samsara Case, Dkt. 80. On November 25, 2024, the Arbitrator entered Order No. 7 setting a schedule for the arbitration, including setting a five-day final merits hearing for August 11-15, 2025.

i. Samsara's Statement

Samsara respectfully requests that, in the Samsara Case, the Court set a hearing to resolve Motive's motion to stay Samsara's claims in favor of the pending arbitration proceeding. *See also* Ex. 1 (10/31/2024 Hrg. Tr.) at 4:13–22, 14:12–21 (Motive raising the motion again). Samsara opposes the motion because, among other reasons, Motive's fraud prevented the formation of any agreement between Samsara and Motive, and the law does not permit a court to send that gateway formation dispute to arbitration, even if the disputed contract contains an arbitration clause.

The JAMS Arbitrator incorrectly found that, even if the law requires that a Court must rule on that gateway issue, an arbitrator may rule on the same question in parallel. But the law is clear: the question of formation is <u>exclusively</u> for the Court to resolve, <u>even if the allegedly operative arbitration clause/agreement delegates contract formation to the arbitrator</u>. *See, e.g.*, *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1248 (N.D. Cal. 2019) (ruling that even where an arbitration clause incorporates a broad delegation to an arbitrator to resolve contract formation, such as by incorporating the JAMS rules, "[t]he issue of contract formation[] . . . is not a delegable gateway issue."). "The fundamental threshold question of whether there exists a binding contract (of which an arbitration clause is a part) <u>cannot be delegated</u> because it cannot be assumed that a delegation clause contained therein must be given effect." *Id.* (emphasis added). Nor can Motive rely on the JAMS Rules. Although JAMS Rule 11(b) provides that "disputes over the formation … of the agreement under which Arbitration is sought … shall be submitted to and ruled by the Arbitrator," [JAMS R. 11], JAMS Rule 4 states that "[i]f any of these Rules … is determined to be in conflict with a provision of applicable law, the provision of law will govern over the

7

Rule in conflict …." JAMS R. 4. Therefore, courts, and not the JAMS Arbitrator, must resolve disputes concerning contract formation of the container contract (i.e., the contract containing the arbitration clause). *See Eiess*, 404 F. Supp. 3d at 1248 ("The question of contract formation is for the court."); *see also Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991) ("[A] party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate. Only a court can make that decision."); *MZM Constr. Co. Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 401–02 (3d Cir. 2020) ("Consistent with the Supreme Court's repeated admonition that, at its core, 'arbitration is a matter of contract,' . . . we believe that the text of section 4 of the FAA— mandating that the court be 'satisfied' that an arbitration agreement exists—tilts the scale in favor of a judicial forum when a party rightfully resists arbitration on grounds that it never agreed to arbitrate at all.") (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67–69 (2010)); *Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 144 (3d Cir. 2022) (ruling that "[c]ourts have the authority to adjudicate formation challenges—<u>even if there is a delegation clause</u>—unless the parties have clearly and unmistakably referred formation issues to arbitration in a written contract <u>whose formation is not in issue</u>."). It is especially important for the Court to take up the contract formation question here, given Motive's inconsistent positions on the issue. Samsara has always maintained that the arbitration agreement on which Motive relies is void *ab initio* due to fraud. Motive, by contrast, has taken inconsistent positions: To convince the Arbitrator to initiate arbitration, Motive argued that an agreement to arbitrate was formed, but in the arbitration proceeding it now intends to assert that the agreement is unenforceable (*see* Ex. 4 at 2); indeed, Motive has never affirmed that it entered into a contract with Samsara.

Although in the preliminary injunction context the Court previously declined to intervene in the arbitration and stated that Samsara may pursue a remedy following arbitration, *see* Samsara Case, Dkt. 80, that preliminary ruling is not binding on the merits of the contract formation dispute,[5] and the Court later

---

[5] *See, e.g.*, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *S. Or. Barter Fair v. Jackson Cnty., Or.*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("<u>[D]ecisions on preliminary injunctions are just that—preliminary—and must often be made hastily and on less than a full record</u>. Thus, even though the facial challenge presented to the district court here involved primarily issues of law, we see no reason why the court should have deviated from the general rule that <u>decisions on preliminary injunctions are not binding at trial on the</u>

indicated that it would look back at that ruling. Ex. 1 (10/31/2024 Hrg. Tr.) at 7:16–21.

Motive suggests that this Court can ignore the controlling law and not address the contract formation question at this time,. But even the Arbitrator recognized Samsara has not waived this issue: On September 23, 2024, the Arbitrator issued Order No. 5 confirming that Samsara **has not** waived its claims in this Court that (1) the Parties never formed a contract due to Motive' fraud, (2) the Parties' contract formation dispute is not arbitrable and must be decided by this Court, and (3) the Parties have not agreed to arbitration. *See* Ex. 3 (Arbitration Order No. 5) at 3–5.

Motive also contends, *see infra*, that Samsara is taking inconsistent positions on the contract formation issue by seeking, in arbitration, a summary determination that Motive breached its contractual obligations while simultaneously challenging the contract formation question in this Court. Samsara is not taking inconsistent positions, but instead had to make that argument in the alternative after the Court decided not to preliminary enjoin the arbitral proceedings that were based on the very contract that Samsara contends was never formed. Samsara's affirmative position remains that there is no agreement whatsoever between the Parties. But to the extent that the arbitration proceeds on the (Samsara submits, incorrect) premise that an agreement was formed by Motive's fraudulent access and use of Samsara's products and services, then Samsara asserts that Motive breached that very agreement.

Finally, Samsara requests that the Court resolve Motive's motion to stay the Samsara Case pending resolution of the ITC Investigation. Samsara has already acknowledged that, pursuant to 28 U.S.C. § 1659, Samsara's patent claims in the Samsara Case should be stayed pending final resolution of the ITC Investigation. Samsara Case, Dkt. 31. But for the reasons explained in Samsara's opposition brief, there is no basis to stay Samsara's non-patent claims pending the ITC Investigation. *Id*.

---

merits, and do not constitute the law of the case.") (citations and quotations omitted, emphases added); *Helio, LLC v. Palm, Inc.*, No. 06 Civ. 7754, 2007 WL 1063507, at *2 (N.D. Cal. Apr. 9, 2007) ("A ruling on a preliminary injunction, is not of course, a ruling on a dispositive motion. It is a preliminary assessment of the likelihood of success where there is a danger of an irreparable injury. It is not binding in future litigation and a ruling would not offer issue or claim preclusion on points ruled upon in the preliminary injunction.").

ii. Motive's Statement

In denying Samsara's "emergency" motion for a preliminary injunction to enjoin the arbitration, this Court ruled:

> Parties are perfectly free to delegate formation and enforcement questions to an arbitrator. *See Henry Schein, Inc. v. Archer & White Sales, Inc*., 586 U.S. 63, 65 (2019); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). That is what happened here, and Samsara's contention that the agreement should be unenforceable in light of Motive's conduct is exactly the type of question the parties agreed to delegate to the arbitrator. . . . Consequently, the Court declines to intervene in the scheduled arbitration.

#3:24-cv-06049-JD, ECF 80.

The Arbitrator also carefully analyzed the parties' positions in issuing his order on arbitrability. Although Motive's motion to stay in favor of arbitration technically remains pending, at the last hearing before the Court, Your Honor reiterated to Samsara, "I said come back after the arbitration." 10/31/24 Hr'g Tr. 7:8-9. Samsara raised the contract formation question it reprises again in this Status Report, and the Court responded, "I think I rejected that already, but I'll go back and look." *Id.* at 7:20-21. If the Court wishes formally to decide the motion at this time, Motive is willing to argue the motion and/or have it submitted on the existing, extensive papers, this Court's prior decisions, and the Arbitrator's decision, all of which side with Motive's position and reject Samsara's, either in whole or in part. Motive disagrees that it has taken inconsistent positions on any of these issues in any forum. The above submission by Samsara is at least its fourth effort to relitigate this issue, which the Arbitrator has (twice) conclusively decided in Motive's favor.

Indeed, while arguing again here that no contract was formed between the parties and thus the contract's arbitration clause does not apply, Samsara has now not only affirmatively pleaded a breach of contract claim in the arbitration, but recently moved the Arbitrator for a "summary determination" of liability on its breach claim. In other words, Samsara continues to argue that no contract was formed, and at the same time seeks a pre-hearing summary judgment in the arbitration that Motive breached that very contract. The parties have reserved March 5, 2025 for a hearing on Samsara's motion.

**B. Motive's Motion to Lift the Stay in This Case (Case No. 3:24-cv-00902)**

On June 4, 2024, this Court ruled that "[i]n light of the related proceedings in the District of

Delaware and in private arbitration, the case is stayed in all respects pending further order." Motive Case, Dkt. 52. Motive has moved to lift that stay.

i. Samsara's Statement

Pending resolution of the motion to stay in the Samsara Case addressed above, Samsara does not oppose Motive's motion to lift the stay in the Motive Case. But Samsara respectfully requests that the Court first resolve Motive's stay motions in the Samsara Case, as explained above. The two cases have significant overlap in factual and legal issues. Ex. 1 (10/31/2024 Hrg. Tr.) at 11:11–12:4; Motive Case, Dkt. 34, pp. 7–13. Notably, Motive is presently seeking discovery in the arbitration regarding the allegations in all of its non-patent claims in the Motive Case, and is seeking a ruling from the Arbitrator regarding the exact same factual disputes that underlie those claims, all as part of Motive's alleged affirmative defenses and damages theories in the arbitration.

ii. Motive's Statement

Motive again requests that the Court lift the stay in the case it filed on February 15, 2024. The parties apparently are now in agreement on that point. Contrary to Samsara's contention, Motive is not "seeking discovery in the arbitration regarding the allegations in all of its non-patent claims in the Motive Case"; rather it is seeking discovery of directly relevant evidence in support of its defenses, which Samsara is likewise refusing to provide in that proceeding, too. Motive disagrees that the stay should be delayed or conditioned on resolving any threshold motions or issues, but rather that parties should proceed with a scheduling order and begin discovery in Motive's case, which is not subject to any arbitration agreement.

**C.     Samsara's Motion to Dismiss Motive's Amended Complaint (Case No. 3:24-cv-00902)**

Before the Court stayed the Motive Case, briefing on Samsara's Motion to Dismiss Motive's Amended Complaint was in progress. Motive Case, Dkt. 49. Specifically, Samsara has not yet filed a reply in support of its motion. To the extent the Court lifts the stay in the Motive Case, Samsara's motion to dismiss and the other motions referenced above should be resolved first before setting the rest of the case schedule because resolving Samsara's motion to dismiss will likely impact many case scheduling events. For example, Motive has asserted only a single patent in this case, which Samsara has moved to dismiss. Moreover, Samsara has already disclosed to Motive all source code and technical documentation

necessary for Motive to confirm that Samsara does not infringe Motive's patent. Dismissing the patent and non-patent claims addressed in Samsara's motion will likely impact the nature and extent of discovery necessary to resolve the claims in Motive's complaint. Following resolution of Samsara's motion to dismiss, the schedule can properly account for the claims that remain in the case.

**Motive's position:** As noted above, the claim that "Samsara has already disclosed to Motive all source code and technical documentation necessary for Motive to confirm that Samsara does not infringe Motive's patent" is inaccurate. Motive's patent infringement claim asserts a 2024 post-*Alice* patent on a camera calibration method that occurs both within a dashcam and in communication with a back-end server. The parties have not yet completed formal discovery about the patent case—Motive timely served its LPR 3-1 contentions but, due to the stay, responsive contentions (to the extent required by Local Rules or other discovery requests) have not yet been served. As part of an early mediation, Samsara made available only the source code on its dashcams. This week, Samsara offered to make additional code available, but subject to the protective order in place at the ITC level. Motive anticipates reviewing this additional code once a Northern District-approved protective order is in place.

Despite Samsara's assertions to the contrary, Motive's mediation-only review of the incomplete dashcam-side code is consistent with (and certainly does not contradict) Motive's existing infringement contentions. Motive and Samsara are current competitors and Motive has not licensed the '580 patent to others. Accordingly, an infringement finding would mean that Motive is entitled to a permanent injunction for the 20-year life of the patent under *eBay*.

### D. Samsara's Reply Brief in the Motive Case (Case No. 3:24-cv-00902)

Samsara respectfully submits that, if the Court is inclined to lift the stay in the Motive Case after resolving the question of whether to stay Samsara's case, Samsara would file its reply brief within one week of the date when the stay of the Motive Case is lifted.

Motive consents to that request.

| | | |
|---|---|---|
| 1 | DATED: February 6, 2025 | Respectfully submitted, |
| 2 | By: __/s/ David S. Bloch__ | By: __/s/ Ali-Reza Boloori__ |
| 3 | David S. Bloch (SBN CA 184530) | Ellisen S. Turner, P.C. (SBN 224842) |
| | GREENBERG TRAURIG, LLP | Ali-Reza Boloori (SBN 271489) |
| 4 | 101 Second Street, Suite 2200 | KIRKLAND & ELLIS LLP |
| | San Francisco, California 94105-3668 | 2049 Century Park East |
| 5 | Telephone:    415.590.5110 | Los Angeles, CA 90067 |
| 6 | Facsimile:    415.707.2010 | Telephone:    (310) 552-4200 |
| | blochd@gtlaw.com | Facsimile:    (310) 552-5900 |
| 7 | | ellisen.turner@kirkland.com |
| | Kyle D. Chen (SBN CA 239501) | ali-reza.boloori@kirkland.com |
| 8 | George D. Zalepa (*pro hac vice*) | |
| | James J. DeCarlo (*pro hac vice*) | Joseph A. Loy, P.C. (*pro hac vice*) |
| 9 | Yang Liu (SBN CA 319390) | Joshua L. Simmons, P.C. (*pro hac vice*) |
| 10 | GREENBERG TRAURIG, LLP | KIRKLAND & ELLIS LLP |
| | 1900 University Avenue, 5th Floor | 601 Lexington Avenue, |
| 11 | East Palo Alto, California 94303 | New York, NY 10022 |
| | Telephone:    650.328.8500 | Telephone:    (212) 446-4980 |
| 12 | Facsimile:    650.328.8508 | Facsimile:    (212) 446-4900 |
| 13 | kchen@gtlaw.com | jloy@kirkland.com |
| | george.zalepa@gtlaw.com | joshua.simmons@kirkland.com |
| 14 | decarloj@gtlaw.com | |
| | yang.liu@gtlaw.com | Jeanne M. Heffernan, P.C. (*pro hac vice*) |
| 15 | | KIRKLAND & ELLIS LLP |
| | Joseph Petrosinelli (*pro hac vice*) | 401 Congress Avenue |
| 16 | C. Bryan Wilson (*pro hac vice*) | Austin, TX 78701 |
| 17 | Jack H. Danon (*pro hac vice)* | Telephone:    (512) 678-9100 |
| | WILLIAMS & CONNOLLY LLP | Facsimile:    (512) 678-9101 |
| 18 | 680 Maine Avenue, S.W. | jheffernan@kirkland.com |
| | Washington, D.C. 20024 | |
| 19 | Telephone:    202.434.5547 | Karthik Ravishankar (*pro hac vice*) |
| | Facsimile:    202.434.5029 | KIRKLAND & ELLIS LLP |
| 20 | jpetrosinelli@wc.com | 1301 Pennsylvania Avenue N.W. |
| 21 | bwilson@wc.com | Washington, D.C. 20004 |
| | jdanon@wc.com | Telephone:    (202) 389-5000 |
| 22 | | Facsimile:    (202) 389-5200 |
| | *Attorneys for* MOTIVE | karthik.ravishankar@kirkland.com |
| 23 | TECHNOLOGIES, INC. | |
| 24 | | *Attorneys for* SAMSARA INC. |

13
JOINT STATUS REPORT                    Case Nos. 24-cv-00902-JD; 24-cv-06049-JD

**FILER'S ATTESTATION**

I, Ellisen S. Turner, P.C., am the docket user whose identification and password are being used to file the Joint Status Report. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

                                                   /s/ Ali-Reza Boloori
                                                   Ali-Reza Boloori

**CERTIFICATE OF SERVICE**

I, Ali-Reza Boloori, hereby certify that, on February 6, 2025, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's electronic filing system.

                                            */s/ Ali-Reza Boloori*
                                            Ali-Reza Boloori