1  Ellisen S. Turner, P.C. (SBN 224842)
   Ali-Reza Boloori (SBN 271489)
2  KIRKLAND & ELLIS LLP
   2049 Century Park East
3  Los Angeles, CA 90067
   Telephone:    (310) 552-4200
4  Facsimile:    (310) 552-5900
   ellisen.turner@kirkland.com
5  ali-reza.boloori@kirkland.com

6  Joseph A. Loy, P.C. (*Pro Hac Vice*)
   Joshua L. Simmons, P.C. (*Pro Hac Vice*)
7  KIRKLAND & ELLIS LLP
   601 Lexington Avenue
8  New York, NY 10022
   Telephone:    (212) 446-4980
9  Facsimile:    (212) 446-4900
   jloy@kirkland.com
10 joshua.simmons@kirkland.com

11 Jeanne M. Heffernan, P.C. (*Pro Hac Vice*)
   KIRKLAND & ELLIS LLP
12 401 Congress Avenue
   Austin, TX 78701
13 Telephone:    (512) 678-9100
   Facsimile:    (512) 678-9101
14 jheffernan@kirkland.com

15 Karthik Ravishankar (*Pro Hac Vice*)
   KIRKLAND & ELLIS LLP
16 1301 Pennsylvania Avenue N.W.
   Washington, D.C. 20004
17 Telephone:    (202) 389-5000
   Facsimile:    (202) 389-5200
18 karthik.ravishankar@kirkland.com

19 *Attorneys for Defendant Samsara Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC., | CASE NO. 3:24-CV-00902-JD |
| Plaintiff, | **SAMSARA'S REPLY IN SUPPORT OF ITS RENEWED RULE 12(b)(6) MOTION TO DISMISS (DKT. 49)** |
| v. | |
| SAMSARA INC., | Hearing Date: N/A |
| Defendant. | Hearing Time: N/A |
| | Courtroom 11, 19th Floor |
| | Judge: Hon. James Donato |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ................................................................................................................... 2

    A. Motive Fails to Explain Its Delay in Bringing Its Time-Barred Claim ............. 2

    B. Motive Still Has Not Sufficiently Pleaded Justifiable Reliance on a Misrepresentation ............................................................................................. 3

    C. Motive Still Has Not Sufficiently Pleaded "Probability of Future Economic Benefit" ............................................................................................ 3

    D. Motive's Allegations for Its UCL Claims Are Deficient ................................... 4

    E. Motive Has Not Adequately Alleged Patent Infringement ................................ 6

        1. Motive Did Not Adequately Plead the "Camera Parameter" Element. ........... 6

        2. Motive Did Not Adequately Plead the "Predictive Model" Element. ............. 7

        3. Motive Does Not Plead Infringement by the Samsara Dash Cam ................... 8

    F. Motive Has Not Adequately Alleged Trade Secret Misappropriation ............... 8

        1. Motive Does Not Adequately Describe the Purported Trade Secrets. ............ 8

        2. Motive Does Not Adequately Allege Misappropriation. ............................... 10

III. CONCLUSION .............................................................................................................. 10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*,
   No. 20-cv-08624-JST, ECF No. 252 (N.D. Cal. June 20, 2024) ........................................... 7, 8

*Allen v. City of Beverly Hills*,
   911 F.2d 367 (9th Cir. 1990) ................................................................................................. 10

*Auris Health, Inc. v. Noah Med. Corp.*,
   No. 22-cv-8073-AMO, 2023 WL 7284156, at *4 (N.D. Cal. Nov. 3, 2023) ......................... 7, 8

*Baby Trend, Inc. v. Playtex Prods., LLC*,
   No. 13 Civ. 647, 2013 WL 4039451 (C.D. Cal. Aug. 7, 2013) ................................................ 2

*Becton, Dickinson & Co. v. Cytek Bioscis. Inc.*,
   No. 18-CV-00933-MMC, 2018 WL 2298500 (N.D. Cal. May 21, 2018) ................................ 9

*Bespaq Corp. v. Haoshen Trading Co.*,
   No. 04 Civ. 3698, 2005 WL 14841 (N.D. Cal. Jan. 3, 2005) ................................................. 10

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ................................................................................................... 8

*Bryan v. Tahoe Reg'l Planning Agency*,
   No. 221-CV-2340-TLN-AC-PS, 2023 WL 373690 (E.D. Cal. Jan. 24, 2023), , *report
   and recommendation adopted*, No. 2:21-CV-02340-TLN-AC, 2023 WL 2413869
   (E.D. Cal. Mar. 8, 2023) .......................................................................................................... 5

*Calavera v. Bank of Am., N.A.*,
   No. 12 Civ. 177, 2012 WL 1681813 (D. Nev. May 14, 2012) ................................................. 3

*In re Cathode Ray Tube Antitrust Litig.*,
   No. 07 Civ. 5944, 2014 WL 1091589, at *13 (N.D. Cal. Mar. 13, 2014) ................................ 2

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ............................................................................................................. 5

*Chung v. Intellectsoft Grp. Corp.*,
   No. 21-cv-03074-JST, 2024 U.S. Dist. LEXIS 30639 (N.D. Cal. Feb. 12, 2024) .................... 9

*CleanFish, LLC v. Sims*,
   No. 19-cv-03663-HSG, 2020 U.S. Dist. LEXIS 147034 (N.D. Cal. Aug. 14, 2020) ............ 8, 9

*DNA Sports Performance Labs, Inc. v. Major League Baseball*,
   No. 20 Civ. No. 20 Civ. 546, 2020 WL 4430793, at *4 (N.D. Cal. Aug. 1, 2020) ................... 2

**TABLE OF AUTHORITIES (CONT'D)**

Page(s)

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ..........................................................................................6

*E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*,
    No. 1:17-CV-00808-DAD-EPG, 2018 WL 2463869, at *5 (E.D. Cal. June 1, 2018) ............9

*Fortinet, Inc. v. Forescout Techs., Inc.*,
    No. 20 Civ. 3343, 2021 WL 5565836 (N.D. Cal. Nov. 29, 2021) .......................................4

*Foundry IV Inc. v. Hard Carry Gaming Inc.*,
    No. 23 Civ. 2690, 2024 WL 211010 (C.D. Cal. Jan. 3, 2024) ............................................5

*Grateful Dead Prods. v. Sagan*,
    No. 06 Civ. 07727, 2008 WL 11389542 (N.D. Cal. Dec. 18, 2008) ...................................4

*Harry v. KCG Ams. LLC*,
    No. 17 Civ. 2385, 2018 WL 4075885 (N.D. Cal. Aug. 27, 2018) .......................................3

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
    304 F.3d 829 (9th Cir. 2002) ..............................................................................................2

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................5

*Lifeway Foods, Inc. v. Millennium Prods., Inc.*,
    No. 16 Civ. 7099, 2016 WL 7336721 (C.D. Cal. Dec. 14, 2016) .......................................2

*Lovejoy v. AT&T Corp.*,
    92 Cal. App. 4th 85 (2001) ..................................................................................................3

*MedioStream, Inc. v. Microsoft Corp.*,
    869 F. Supp. 2d 1095 (N.D. Cal. 2012) ..............................................................................8

*Meyer v. Capital Alliance Grp.*,
    No. 15-CV-2405-WVG, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017) ................................5

*Natl' Specialty Pharm., LLC v. Padhye*,
    No. 23-cv-04357-PCP, Dkt. 82 (N.D. Cal. May 16, 2024) .................................................10

*Obesity Rsch. Inst. LLC v. Fiber Rsch. Int'l, LLC*,
    165 F. Supp. 3d 937 (S.D. Cal. 2016) ................................................................................5

*Oster v. OneWest Bank, F.S.B.*,
    No. CV 12 00645, 2012 WL 13015020 (C.D. Cal. July 5, 2012) .......................................6

*P2i Ltd. v. Favored Tech USA Corp.*,
    No. 23-cv-001690-AMO, Dkt. 85 (N.D. Cal. Sept. 24, 2024) ............................................8

*Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*,
    No. 16 Civ. 05399, 2017 WL 67075 (N.D. Cal. Jan. 6, 2017) .......................................3, 4

SAMSARA'S REPLY IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS              iii              CASE NO. 3:24-CV-00902-JD

**TABLE OF AUTHORITIES (CONT'D)**

<u>Page(s)</u>

*San Jose Constr., Inc. v. S.B.C.C., Inc.*,
  155 Cal. App. 4th 1528 (2007) ..................................................................................................4

*Smartwatch Mobileconcepts, LLC v. Google LLC*,
  No. 24-cv-00937-RFL, ECF No. 49 (N.D. Cal. May 21, 2024) ............................................7, 8

*Synopsys, Inc. v. ATopTech, Inc.*,
  No. 13–CV–02965–SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ...................................9

*T3 Micro, Inc. v. SGI Co.*,
  No. 09 Civ. 8783, 2010 WL 11597603 (C.D. Cal. July 28, 2010) ...........................................4

*Teradata Corp. v. SAP SE*,
  No. 18-cv-03670-WHO, 2018 WL 6528009 (N.D. Cal. Dec. 12, 2018) ..................................9

*TPS Utilicom Servs., Inc. v. AT&T Corp.*,
  223 F. Supp. 2d 1089 (C.D. Cal. 2002) ....................................................................................4

*Upper Deck Co. v. Panini Am., Inc.*,
  533 F. Supp. 3d 956 (S.D. Cal. 2021) .......................................................................................4

*Westside Center Assoc. v. Safeway Stores 23, Inc.*,
  42 Cal. App. 4th 507 (1996) .....................................................................................................3

**Statutes**

Cal. Bus. & Prof. Code § 17204 ......................................................................................................6

Lanham Act..................................................................................................................................1, 2

*All emphases added throughout, except where otherwise indicated.

## I. INTRODUCTION

Motive's opposition fails to address the key deficiencies in its claims, warranting dismissal of its Amended Complaint (Dkt. 40 or "FAC") with prejudice.  ***First***, Motive offers no explanation for why its Lanham Act claims based on 2019 and 2020 ads are not time barred.  Instead, Motive attempts to tack on the time-barred ads as "examples" without citing to any authority that would allow for such arbitrary expansion of laches.  ***Second***, Motive fails to address Samsara's contention that there are no fraudulent misrepresentations associated with the nine user accounts unaffiliated with any fake names or fake companies.  Nor does Motive explain how it justifiably relied on these nine accounts, when Motive concedes that it regularly grants competitors access to its products.  ***Third***, Motive's argument that its speculative relationships with Companies 1, 2, and 3 are sufficient to support an intentional interference with prospective economic relations ("IIER") claim is unsupported by law.  The mere possibility of an relationship is not enough, and that is all Motive has alleged.  ***Fourth***, Motive still fails to explain how any of the predicate conduct underlying its UCL claims is unlawful, fraudulent, or unfair under the relevant California law.  Its plea that the jury may find Samsara's conduct unfair or that discovery will reveal the harm is baseless and cannot cure such deficiencies.  ***Fifth***, Motive's patent infringement claim is *prima facie* defective for at least three reasons:  It lacks sufficient allegations that any accused Samsara product meets (1) the "camera parameter" element and (2) the "predictive model" element, and (3) the claim should be dismissed as to Samsara's Dash Cam, because Motive's amended complaint lacks any allegation that the Samsara Dash Cam meets any claim element.  ***Finally,*** Motive's trade secret claims fail because Motive fails to adequately allege it had trade secrets or that they were misappropriated.

As to Motive's defamation claim (Count Seven), testimony and documentary evidence disclosed in the parties' co-pending dispute in the International Trade Commission indisputably confirms that Motive engaged in the exact misconduct Samsara alleged.  For example, members of Motive's executive team and other senior employees extensively, unlawfully, and admittedly accessed and used Samsara's products using false identities.  Therefore, Samsara withdraws its original motion to dismiss Motive's defamation claim based on the litigation privilege alone.  Instead, Samsara intends to address both the truth of Samsara's statements, and the litigation privilege that protects those statements, in a future dispositive motion.

## II.    ARGUMENT

### A.    Motive Fails to Explain Its Delay in Bringing Its Time-Barred Claim

Motive's Lanham Act claim as to the February 2019 and April 2020 advertisements should be dismissed because Motive offers no justification for its delay in bringing those claims. Motive's opposition attempts to muddy the water on laches, but the doctrine applies to Motive's untimely allegations. Courts in the Ninth Circuit "often have presumed that laches is applicable" to Lanham Act § 43(a) claims brought outside the analogous state statute of limitations period. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). Courts routinely grant motions to dismiss § 43(a) claims as untimely under laches. *Lifeway Foods, Inc. v. Millennium Prods., Inc.*, No. 16 Civ. 7099, 2016 WL 7336721, at *2–3 (C.D. Cal. Dec. 14, 2016) (dismissing Lanham Act claim because plaintiff offered no plausible justification for filing beyond the applicable California statute of limitation); *Baby Trend, Inc. v. Playtex Prods., LLC*, No. 13 Civ. 647, 2013 WL 4039451, at *4–5 (C.D. Cal. Aug. 7, 2013) (same).

Motive's suggestion of factual ambiguity is similarly unfounded. It does not dispute that the 2019 and 2020 ads fall outside the applicable limitations period and has not offered ***any*** justification for its delay in bringing claims based on those ads. Motive's failure to act dooms its claim. *See Baby Trend*, 2013 WL 4039451, at *4 ("It is reasonable to expect that a company in a competitive market would, at a minimum . . . investigat[e] a direct competitor's advertising claim."). Motive's unexplained delay prejudiced Samsara by, among other things, preventing Samsara from taking earlier action to address Motive's concerns. *See Lifeway Foods*, 2016 WL 7336721, at *3 (defendant prejudiced by delay because it spent years promoting brand and products). Motive's opposition disputes none of this.

Finally, Motive's attempt to tack on the time-barred ads as "additional examples" is inconsistent with its own cited authority. Dkt. 51 ("Opp.") at 6. For example, the court in *DNA Sports Performance Labs, Inc. v. Major League Baseball* dismissed an "example" advertisement because it fell outside the applicable statute of limitation. No. 20 Civ. 546, 2020 WL 4430793, at *4 (N.D. Cal. Aug. 1, 2020). *In re Cathode Ray Tube Antitrust Litig.* is irrelevant to the untimely ads at issue here because it involved claims brought ***within*** the statutory period. No. 07 Civ. 5944, 2014 WL 1091589, at *13 (N.D. Cal. Mar. 13, 2014). Motive's claim based on the 2019 and 2020 ads is time barred and should be dismissed.

**B.     Motive Still Has Not Sufficiently Pleaded Justifiable Reliance on a Misrepresentation**

At least nine of the user accounts in Motive's claim are not associated with any fraudulent misrepresentation. A fraudulent misrepresentation must be in the form of "*false* representation, concealment, or nondisclosure." Opp. at 7 (quoting *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001)). But there is nothing "false" about the accounts that are not associated with a fake name or a company. According to Motive, far from "concealing their true identities," Opp. at 7, the Samsara employees allegedly associated with these nine accounts provided real names and email addresses. FAC ¶ 9. Motive's sole argument is that these employees did not disclose their affiliation with Samsara, yet Motive contends that, "competitors in the technology sector often access and use each other's products, test them to determine their capabilities and limitations, and compare their products to their competitors' products." *Id.* ¶ 50. In other words, any corporate affiliation of those accounts was immaterial, and "[t]he failure of a party to disclose … immaterial information is insufficient to serve as the basis of a claim of fraud." *Calavera v. Bank of Am., N.A.*, No. 12 Civ. 177, 2012 WL 1681813, at *5 (D. Nev. May 14, 2012). Motive's attempt to misread its own complaint is also unavailing; the complaint speaks for itself and concedes that competitors "often access and use" Motive's products. FAC ¶ 50; *see Harry v. KCG Ams. LLC*, No. 17 Civ. 2385, 2018 WL 4075885, at *7 (N.D. Cal. Aug. 27, 2018) (contradictory allegations "do not plausibly allege an injury in fact"). Motive therefore has not and cannot plead a fraud claim as to the nine accounts for which it has not identified a misrepresentation.

**C.     Motive Still Has Not Sufficiently Pleaded "Probability of Future Economic Benefit"**

Motive's conclusory allegations that it had prospective economic relations with Companies 1, 2, and 3 cannot support its IIER claim. To bring an IIER claim, Motive must plead not just the possibility of an economic relation, but a "*probability* of future economic benefit." *See Westside Center Assoc. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 522 (1996) (dismissing an IIER claim for "overly speculative expectancies"); *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, No. 16 Civ. 05399, 2017 WL 67075, at *6 (N.D. Cal. Jan. 6, 2017) (allegation of interference with "potential customer" insufficient). As to Company 1, Motive only alleges that the company had contacted Motive without explaining whether that contact had any probability of turning into an economic relationship. FAC ¶ 139. As to Company 2, there was not even a possibility of an economic benefit because the company apparently

"wanted nothing to do with Motive" when Motive contacted them. *Id*. ¶ 140. Lastly, that Company 3 was "trialing Motive's products" only demonstrates that the company was considering Motive, not that it was a probable customer. *See Prostar Wireless*, 2017 WL 67075, at *6 (testing plaintiff's products not enough to establish probable economic relations).

Motive cites no authority to support the proposition that simply being "in communications" with potential customers is sufficient. Opp. at 14. Motive's cited cases are inapposite because the allegations in those cases concern *already existing* customers, which Motive does not allege. *See Grateful Dead Prods. v. Sagan*, No. 06 Civ. 07727, 2008 WL 11389542, at *6 (N.D. Cal. Dec. 18, 2008) (plaintiff alleged defendant's conduct would cause existing customers to "stop purchasing plaintiff's products"); *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20 Civ. 3343, 2021 WL 5565836, at *26 (N.D. Cal. Nov. 29, 2021) (plaintiff alleged customers at issue were existing consumers for plaintiff's products); *T3 Micro, Inc. v. SGI Co.*, No. 09 Civ. 8783, 2010 WL 11597603, at *5 (C.D. Cal. July 28, 2010) (plaintiff alleged "existing economic relationships with 'distributors, retailers, consumers, professionals, and vendors'"). In contrast, cases that concern allegations of *potential* customers unequivocally state that such allegations are insufficient. *See Prostar Wireless*, 2017 WL 67075, at *6 (plaintiff must plead an "ongoing economic relationship"); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1106 (C.D. Cal. 2002) (same). Indeed, Motive's allegations that Companies 1, 2, and 3 were, at best, considering Motive, is no different than the plaintiff in *Prostar*, who alleged that its potential customers were "ready, willing, and able to implement" its products. 2017 WL 67075, at *6. Because Motive has not pleaded facts showing a probability of future economic benefit, its IIER claim must be dismissed.[1]

**D.    Motive's Allegations for Its UCL Claims Are Deficient**

Motive's UCL claim should be dismissed because the underlying allegations of fraud (FAC ¶¶ 1–21, 43–52), false advertising (*id*. ¶¶ 97–109), defamation (*id*. ¶¶ 129–35), and IIER (*id*. ¶¶ 136–41) are insufficient. *See Upper Deck Co. v. Panini Am., Inc.*, 533 F. Supp. 3d 956, 968 (S.D. Cal. 2021). Motive's baseless assertion that the alleged impersonation is "not a fair way to compete" also cannot uphold

---

[1] Motive's IIER claim also fails for lack of wrongful conduct because the alleged conduct underpinning its claim is not defamatory as a matter of law. *See* § II.D; *San Jose Constr., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1544 (2007) (alleged conduct must be an "independently wrongful act").

Motive's UCL claim. Under California law, the "varieties of unfair competition" include "acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Unlawful" means acts or business practices that are specifically proscribed by another law. *Id*. Motive has not alleged that the impersonations are independently unlawful. "Fraudulent" means acts or business practices for which "members of the public are likely to be deceived." *Foundry IV Inc. v. Hard Carry Gaming Inc.*, No. 23 Civ. 2690, 2024 WL 211010, at *8 (C.D. Cal. Jan. 3, 2024). But Motive admits that the employee's identity was quickly revealed to the customer during the phone call. FAC ¶ 94. Even if there were any short-lived deception, Motive sparse allegation that "employees" engaged in the impersonation cannot meet the Rule 9(b) pleading standards. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies to UCL claims based on fraud). Finally, "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws." *Cel-Tech Commc'ns*, 20 Cal. 4th at 180. Courts take this to mean conduct that harms competition. *See Obesity Rsch. Inst. LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 947–48 (S.D. Cal. 2016) (holding that the "unfair" prong does not apply where plaintiff only alleged harm to its own commercial interests rather than harm to competition). Motive has not alleged any such harm. In fact, Motive's assertion that such impersonation is "not a fair way to compete" is precisely the kind of subjective application of UCL that the courts have warned against. *See Cel-Tech Commc'ns*, 20 Cal. 4th at 184 ("[C]ourts may not apply purely subjective notions of fairness."). The alleged impersonations therefore are not "unlawful," "fraudulent," or "unfair" as a matter of law.

Motive also does not adequately address its deficient allegations of harm resulting from any such impersonation. Simply allegation that there was more than one Samsara employee involved, Opp. at 9, does not negate the fact that the alleged impersonations were short-lived and therefore amounted to no more than "trivial, *de minimis*, or non-existent alleged injuries" that are insufficient to confer UCL standing, *see Meyer v. Capital Alliance Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *2 (S.D. Cal. Nov. 6, 2017). Nor can Motive punt on its pleading requirements by stating that discovery will reveal the damages. *See Bryan v. Tahoe Reg'l Planning Agency*, No. 221-CV-2340-TLN-AC-PS, 2023 WL 373690, at *7 (E.D. Cal. Jan. 24, 2023), *report and recommendation adopted*, No. 2:21-CV-02340-TLN-AC, 2023 WL 2413869 (E.D. Cal. Mar. 8, 2023) ("It is not enough for plaintiff to state . . . that it is possible discovery

will reveal a claim."); *Oster v. OneWest Bank, F.S.B.*, No. CV 12 00645, 2012 WL 13015020, at *8 (C.D. Cal. July 5, 2012) (dismissing UCL claim for failure to plausibly allege harm).  Lastly, to the extent that Motive alleges it has expended resources maintaining customer relationships, it has not plausibly alleged that such short-lived impersonations have caused its customer relations to deteriorate.  *See* Cal. Bus. & Prof. Code § 17204 (private plaintiff must show "injury in fact . . . ***as a result of*** the unfair competition"); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1362 (2010) (dismissing a UCL claim because plaintiff failed to allege that harm was caused by defendant's conduct).  Therefore, Motive's UCL claim also should be independently dismissed based on its deficient allegations of harm.

### E. Motive Has Not Adequately Alleged Patent Infringement

#### 1. Motive Did Not Adequately Plead the "Camera Parameter" Element.

The sole allegation for the "camera parameter" element ("computing at least one camera parameter based on the one or more lines") is that the "camera height" is the "camera parameter."  Dkt. 40-2 at 3. But FAC lacks any allegation that Samsara's products compute camera height based on any computed lines, much less based on the computed horizon line (as the claim requires).  Indeed, the evidence Motive relies upon shows Samsara Cloud determining dash cam height from "vehicle type."  *Id.* at 3 n.11.

The change to Samsara's website (*see* Opp. at 4-5) is irrelevant: Neither the pre- nor post-change versions support Motive's allegation that camera height is computed in the manner the claim requires. The former version stated: "[t]he dash cam height is vehicle type."  Opp. at 4 ("Before").  Nothing states dash cam height is computed from a horizon line or the vanishing point.[2]  Motive avoids addressing this point.  It asserts "Samsara calculated dash cam height with the vanishing point as part of an 'automatic calibration' process," *id.* at 4, which it bases on the statement that "[t]he dash cam automatically determines the vanishing point and the dash cam height based on vehicle type" (*id.* at 3). But that statement does not imply that dash cam height is determined based on the vanishing point—it simply states that both dash cam height and vanishing point are determined based on vehicle type.  The statement that "[t]he dash cam height is vehicle type," appearing in the same description, inarguably confirms this point.

---

[2] This is even assuming that determining the vanishing point amounts to computing the horizon line.

As for the post-change version, Motive asserts without support that the revised language "fairly suggests that dash cam height is determined automatically[.]" Opp. at 4. But "determined automatically" is not a claim requirement. Even if it were, the website shows that Motive's assertion is *prima facie* incorrect, stating: "dash cam height is determined by the vehicle type." *Id.* ("After"). **Nothing** supports an inference that the vanishing point is used to determine dash cam height.

Motive also points to "other camera parameters" that the website states are "automatically re-calibrate[d] every two weeks," Opp. at 4–5, but it does identify these "parameters" in the FAC or infringement contentions. Furthermore, the statement that these parameters are automatically re-calibrated provides no support for inferring that the parameters are computed based on computed lines.

2.  Motive Did Not Adequately Plead the "Predictive Model" Element.

Motive's allegations about the "predictive model" element also fail. Motive contends "[i]t is … plausible to allege that Samsara's camera and back-end software use image processing and predictive modeling to 'accurately detect safety events' such as collisions." Opp. at 5. The statement on which Motive relies—that "AI enabled dashcams … use artificial intelligence to assist the Samsara camera with event detection"—says nothing about use of "predictive model[ing]" to compute a "horizon line." Nor does Motive supply the missing rationale. *See AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, No. 20-cv-08624-JST, ECF No. 252, at 11 (N.D. Cal. June 20, 2024) (direct infringement allegations for a method claim dismissed because due to failure to "plausibly allege how use of the Accused Products and Services meets every step of the Asserted Patents"); *Smartwatch Mobileconcepts, LLC v. Google LLC*, No. 24-cv-00937-RFL, ECF No. 49, at 1 (N.D. Cal. May 21, 2024) (dismissing direct infringement claim for failure to identify how the accused products meets required elements).

Motive's reliance on *Auris Health, Inc. v. Noah Med. Corp.* is misplaced. There, the court upheld "information and belief" allegations at the pleading stage (and not even in the patent context) because they were made plausible due to ***other*** factual allegations. No. 22-cv-8073-AMO, 2023 WL 7284156, at *4 (N.D. Cal. Nov. 3, 2023). Here, by contrast, the FAC has no factual allegations supporting the assertion that the Samsara Cloud "uses image processing and machine learning-based predictive modeling ***to determine where in the series of image frames a horizon line appears***" (Dkt. 40-2 at 2). Even *Auris*

recognized that "naked assertions devoid of further factual enhancement" cannot withstand a motion to dismiss.  2023 WL 7284156, at *4.

### 3. Motive Does Not Plead Infringement by the Samsara Dash Cam.

The Samsara Dash Cam should be dismissed as an accused product because the FAC makes no factual allegations to support a plausible inference that the Dash Cam practices any claim element.  Claim 1 recites no action by a camera:  Its steps are performed by a separate component that works with the camera—*e.g.*, the claim does not recite "sending" video (by a camera), only "receiving" it.  Unsurprisingly, the FAC alleges only that the Samsara Cloud practices the claim elements.  Motive does not actually dispute that claim 1 recites no action by the camera.  *See* Opp. at 6.  It only states that Samsara is on notice of which products are alleged to infringe.  *See id.* (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021)).  But that is simply insufficient absent any allegation that the Samsara Dash Cam practices a claim element.  *See Bot M8*, 4 F.4th at 1352 ("a plausible claim … must support the grounds for that entitlement with sufficient factual content"); *AbCellera*, ECF No. 252, at 8 (citing *Bot M8*); *Google*, ECF No. 49, at 1 (citing *Bot M8*).

### F. Motive Has Not Adequately Alleged Trade Secret Misappropriation

On a motion to dismiss, the burden is on Motive to identify its protectable trade secrets and "[show] that they exist."  *CleanFish, LLC v. Sims*, No. 19-cv-03663-HSG, 2020 U.S. Dist. LEXIS 147034, at *8–9 (N.D. Cal. Aug. 14, 2020) (internal citations omitted).  Motive cannot meet its burden.

### 1. Motive Does Not Adequately Describe the Purported Trade Secrets.

The complaint must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade."  *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1113 (N.D. Cal. 2012); *CleanFish*, 2020 U.S. Dist. LEXIS 147034, at *6; *P2i Ltd. v. Favored Tech USA Corp.*, No. 23-cv-001690-AMO, Dkt. 85, at 6 (N.D. Cal. Sept. 24, 2024).  Motive's allegations fail this test.

**Alleged Ambarella trade secret(s):**  Motive identifies as its trade secrets its "proprietary method for incorporating and utilizing the Ambarella chip into its AI dashcam." Opp. at 10 (citing FAC ¶¶ 77–79).  The FAC alleges "proprietary specifications and designs to efficiently use, for example, the vector processor on the Ambarella chip, and effectively run the neural networks and AI models necessary for a

superior dashcam product." FAC ¶ 79. The allegations do not identify any "specification" or "design" or provide any other information that, even with all reasonable inferences drawn in Motive's favor, would permit a person of skill to distinguish between alleged trade secrets and public or third-party information (*e.g.*, what information Ambarella, a third-party chip manufacturer and supplier, provides customers about how to use its processors). *See Chung v. Intellectsoft Grp. Corp.*, No. 21-cv-03074-JST, 2024 U.S. Dist. LEXIS 30639, at *23 (N.D. Cal. Feb. 12, 2024) (plaintiff failed to identify the features or combinations of features it alleges are separate from matters of general knowledge). Such vague allegations are insufficient. *E.g.*, *Synopsys, Inc. v. ATopTech, Inc.*, No. 13–CV–02965–SC, 2013 WL 5770542, at *6 (N.D. Cal. Oct. 24, 2013) (trade secrets alleged as "proprietary input and output formats, scripts, and technical product documentation" were insufficient as "there are no allegations suggesting what the proprietary information regarding optimization was, or **how or why it is proprietary**"); *Teradata Corp. v. SAP SE*, No. 18-cv-03670-WHO, 2018 WL 6528009, *4–5 (N.D. Cal. Dec. 12, 2018) (trade secrets alleged as "includ[ing] information on the design and optimization of [massively parallel processing] systems and the execution of analytical queries in such systems" were insufficiently specific); *Becton, Dickinson & Co. v. Cytek Bioscis. Inc.*, No. 18-CV-00933-MMC, 2018 WL 2298500, *3 (N.D. Cal. May 21, 2018) (allegations of "design review templates," "design files," and "source code files" inadequate).

*E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, Opp. at 10, is inapposite because it concerned allegations that were more specific than Motive's. *See* No. 1:17-CV-00808-DAD-EPG, 2018 WL 2463869, at *5 (E.D. Cal. June 1, 2018) (trade secrets included "the design of the exhaust system for evacuating water vapor produced during the drying process"). It also lacks persuasive weight to the extent it contradicts clear guidance from this District in, *e.g.*, *Synopsys*, *Teradata*, and *Cytek*.

**Alleged customer lists and data:** Motive's trade secret allegations involving its "customers lists and data" are deficient for failing to delineate how the alleged confidential information is distinct from public information. The reference to "files containing confidential and proprietary information about Motive's customers, pricing, sales, and business strategies, among other things," Opp. at 10 (quoting FAC ¶ 68), is conclusory. This confirms Motive is not limiting the alleged trade secrets to what it lists in the complaint. *CleanFish*, 2020 U.S. Dist. LEXIS 147034, at *10 (the phrase "including but not limited to" failed to cabin the definition of trade secrets). Motive also describes the allegedly "confidential and

proprietary information" present in the allegedly stolen files only in generic terms—"information about Motive customers, pricing, sales, and business strategies."³ Opp. at 10–11.  But "[c]ustomer information does not by itself categorically qualify as a trade secret," including because it is unclear how much of it is confidential and not publicly available.  *Id.* at *10–15.  Nor do "pricing, sales, and business strategies." *See Natl' Specialty Pharm., LLC v. Padhye*, No. 23-cv-04357-PCP, Dkt. 82, at *6–7 (N.D. Cal. May 16, 2024) (allegations that trade secrets consisted of "vendor and partner information, proprietary formulas, business processes, pricing strategies, pricing data, marketing methods, … and more" were insufficient).

### 2.  <u>Motive Does Not Adequately Allege Misappropriation</u>.

Motive incorrectly frames Samsara's arguments as attacking the veracity of Motive's allegations. *See* Opp. at 12.  Not so. Taken as true, Motive's allegations do not constitute misappropriation.  As for Mr. Boireau and Ms. Lai, Motive provides only conclusory "information and belief" allegations that they shared allegedly confidential information with Samsara.  *See* FAC ¶¶ 80–84.  That Mr. Boireau and Ms. Lai left Motive for Samsara, on its own, does not support a plausible inference that they provided confidential information to Samsara.  Conclusory allegations on "information and belief" that these individuals shared information with Samsara are insufficient.  *See* Dkt. 49 at 13.

Likewise, Motive alleges no facts to support a plausible inference that Samsara solicited (or otherwise obtained) confidential information about Motive's use of the Ambarella chip from Mr. Boireau or Ms. Lai.  Its allegations that someone at Samsara accessed Motive's trade secrets in developing Samsara's dashcam are based entirely on unsupported "information and belief."  *See, e.g.*, *Bespaq Corp. v. Haoshen Trading Co.*, No. 04 Civ. 3698, 2005 WL 14841, at *4 (N.D. Cal. Jan. 3, 2005) (dismissing trade secret claim lacking allegations that defendants improperly accessed or benefited from alleged trade secrets). Tellingly, Motive's opposition avoids addressing this point altogether.  *See* Opp. at 11.

### III.  CONCLUSION

The FAC should be dismissed with prejudice.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir. 1990) (court has discretion to deny leave to amend after a previous amendment).

---

3   If, as Motive contends, its trade secrets about customer lists and data were in stolen files, *see* Opp. at 10 (citing FAC ¶¶ 68–73), it can distinguish the alleged trade secrets from public information.

| | |
|---|---|
| DATED: April 7, 2025 | Respectfully submitted, |
| | /s/ Ali-Reza Boloori |
| | Ellisen S. Turner, P.C. (SBN 224842) |
| | Ali-Reza Boloori (SBN 271489) |
| | KIRKLAND & ELLIS LLP |
| | 2049 Century Park East |
| | Los Angeles, CA 90067 |
| | Telephone:   (310) 552-4200 |
| | Facsimile:   (310) 552-5900 |
| | ellisen.turner@kirkland.com |
| | ali-reza.boloori@kirkland.com |
| | |
| | Joseph A. Loy, P.C. (*Pro Hac Vice*) |
| | Joshua L. Simmons, P.C. (*Pro Hac Vice*) |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | Telephone:   (212) 446-4980 |
| | Facsimile:   (212) 446-4900 |
| | jloy@kirkland.com |
| | joshua.simmons@kirkland.com |
| | |
| | Jeanne M. Heffernan, P.C. (*Pro Hac Vice*) |
| | KIRKLAND & ELLIS LLP |
| | 401 Congress Avenue |
| | Austin, TX 78701 |
| | Telephone:   (512) 678-9100 |
| | Facsimile:   (512) 678-9101 |
| | jheffernan@kirkland.com |
| | |
| | Karthik Ravishankar (*Pro Hac Vice*) |
| | KIRKLAND & ELLIS LLP |
| | 1301 Pennsylvania Avenue N.W. |
| | Washington, D.C. 20004 |
| | Telephone:   (202) 389-5000 |
| | Facsimile:   (202) 389-5200 |
| | karthik.ravishankar@kirkland.com |
| | |
| | *Attorneys for Defendant Samsara Inc.* |

**CERTIFICATE OF SERVICE**

On April 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and Civil L.R. 5-1 have been so served.

/s/ Ali-Reza Boloori
Ali-Reza Boloori