Ellisen S. Turner, P.C. (SBN 224842)
Ali-Reza Boloori (SBN 271489)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:     (310) 552-4200
Facsimile:     (310) 552-5900
ellisen.turner@kirkland.com
ali-reza.boloori@kirkland.com

Joseph A. Loy, P.C. (*Pro Hac Vice*)
Joshua L. Simmons, P.C. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4980
Facsimile:     (212) 446-4900
jloy@kirkland.com
joshua.simmons@kirkland.com

Jeanne M. Heffernan, P.C. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:     (512) 678-9100
Facsimile:     (512) 678-9101
jheffernan@kirkland.com

Karthik Ravishankar (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone:     (202) 389-5000
Facsimile:     (202) 389-5200
karthik.ravishankar@kirkland.com

*Attorneys for Defendant Samsara Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSARA INC.,<br><br>    Defendant. | CASE NO. 3:24-CV-00902-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. James Donato |

Pursuant to Civil L.R. 79-5(f) and 7-11, Defendant Samsara Inc. ("Samsara") respectfully submits this Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed ("Administrative Motion to Seal") in connection with Samsara's Notice of Arbitration Developments and attachment thereto. Plaintiff, Motive Technologies, Inc. ("Motive"), asserts that the materials should be sealed but has failed, despite multiple requests, to identify any specific basis to overcome the "strong presumption in favor of [public] access" to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (cleaned up). The materials consist of (1) a notice to the Court that includes Samsara's allegations regarding Motive's misconduct, which have been public since at least January 2024, and (2) an arbitral order that grants Samsara preliminary relief based on the evidence that Samsara submitted to support its allegations – an order that the law expressly permits Samsara to come to this Court to enforce.

By way of background, Samsara and Motive are engaged in a co-pending JAMS arbitration ("Arbitration"). The issues in that Arbitration are relevant to two pending actions in this Court between the parties. So, this Court ordered both parties to "promptly advise the Court of any developments" in the Arbitration. Dkt. 52. Both parties have repeatedly filed fully public notices doing so, attaching relevant briefing and orders as public exhibits. *See, e.g.,* Dkts. 53-56 (Motive's notification to the Court of Order No. 2 concerning the Arbitrator's findings on contract formation and arbitrability, and Parties' subsequent briefing related thereto); Dkts. 57 and 58 (Motive's notification to the Court of Order No. 3 concerning case management and Samsara's response thereto); Dkts. 60-62 (Motive's notification to the Court of Order No. 4 concerning Samsara's motion for reconsideration and the parties' subsequent briefing related thereto); Dkt. 74 (joint notice of Order No. 6 concerning arbitrability of Samsara's claims) (collectively, the "Prior Arbitration Orders"). These filings contained information about the substantive issues presented in the Arbitration, yet neither party has ever before filed any of the Arbitrator's rulings or orders under seal or asserted that they should be exempt from the strong presumption of public access.

On April 24, 2025, Samsara filed a Notice of Arbitration Developments (Dkt. 89) concerning a recent order from the Arbitrator granting Samsara certain preliminary relief ("Arbitration Order") (Dkt. 89-1)—just as both parties have done throughout this case. The Arbitration Order is not marked

confidential and contains no confidential content. Declaration of Ellisen S. Turner, ¶ 3. Beyond being non-confidential on its face, everything within the order is consistent with what has already been fully disclosed in public pleadings, public documents, public caselaw, the public record from the parties' co-pending proceedings in the International Trade Commission, and prior Arbitral rulings that were publicly filed. *See e.g., Samara Inc. v. Motive Technologies, Inc.,* Case No. 3:24-cv-06049 (N.D. Cal.), Dkt 1 (Samsara's Complaint describing Motive's misconduct); Turner Decl. Ex. F (Samsara's Terms of Service) at 5-6 (June 30, 2022 version of public agreement on which the Arbitration Order is based); Ex. A (Order No. 11) at 4-5 (citing public case law); Turner Decl. Ex. G (excerpts from the Open Sessions of the Evidentiary Hearing Transcript in the matter of *Certain Vehicle Telematics, Fleet Management, and Video-Based Safety Systems, Devices, and Components Thereof*, Inv. No. 337-TA-1393 (U.S. ITC. March 20, 2025)) at 984:4-13, 1044:20–1046:4 (Motive's testimony confirming that it engaged in the misconduct that Samsara alleged and Samsara testimony providing evidence of Motive's misconduct); Prior Arbitration Orders at Dkt. 53-1 at 3-8, Dkt. 57-3 at 1-2, Dkt. 60 at 4-6, Dkt. 74-1 at 3-12 (issuing holdings about Samsara and Motive's contractual relationship and obligations). Consistent with the parties' consistent past practice, and because Motive never once stated that the Arbitration Order contained any Motive-confidential material (which Motive was required to state, if it actually believed that, under the parties' stipulated protective order in the Arbitration), Samsara filed the notice and the Arbitration Order publicly. Turner Decl. ¶ 3. Following the filing, Motive suddenly demanded that Samsara immediately remove both the notice and the Arbitration Order because they are allegedly "subject to [the Arbitration] protective order and should not have been publicly filed." *Id* ¶ 4; Ex. C. Samsara requested multiple times that Motive identify any specific text in the notice and Arbitration Order that Motive contends contains Motive confidential information, but Motive has not done so, instead claiming—with no legal support—that "all" text in the Arbitration Order is confidential. *Id.* ¶ 5; Ex. C.

Motive's contention that the notice (Dkt. 89) and Arbitration Order (Dkt. 89-1) should be sealed is factually and legally untenable. But acting in good faith, Samsara nevertheless complied with Motive's demand and promptly called the clerk to seal the public filings (Dkts. 89, 89-1). *Id.* ¶ 8. To be clear, these materials contain zero confidential content. But due to Motive's confidentiality assertion, Samsara files

the instant motion for the Court to consider whether the redacted and sealed material should remain under seal. Motive declined to identify the portions of the Notice (or Arbitration Order) that contain Motive-Confidential information. So, out of an abundance of caution, the instant motion addresses whether the Arbitration Order should be kept under seal in its entirety and whether all references to the order from its Notice should be sealed. *See id.* ¶¶ 9-10. Any forthcoming request from Motive that this material be sealed should be denied.

In keeping with Supreme Court precedent, the Local Rules acknowledge that "[t]he public has a right of access to the Court's files" which "applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal." Civil L.R. 79-5(a); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) ("The Supreme Court acknowledged the existence of . . . a general right to inspect and copy public records and documents, including judicial records and documents.") (internal quotations omitted). Court filings therefore are generally treated with a "strong presumption in favor of access," that can only be overcome if a party can "articulate[ ] compelling reasons supported by specific factual findings[.]" *Kamakana*, 447 F.3d at 1179–80 (cleaned up).

Motive has not, and cannot, articulate any valid reason—much less a compelling reason—to seal the Arbitration Order or to maintain the redactions in the Notice. The only justification that Motive has provided is a claim that the Arbitration Order is subject to the Parties' JAMS protective order, without identifying any specific information in the order that it contends to be confidential. Turner Decl. Ex. C. Motive's claim fails for two reasons. ***First,*** it is well settled that reliance on a "stipulated . . . blanket protective order" does not justify sealing court records. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992); *see also Kamakana*, 447 F.3d at 1183 (holding that reliance on a protective order, alone, is not "a 'compelling reason' that rebuts the presumption of access"). Motive must provide specific reasons to justify sealing any specific piece of information, and it has failed to do so.

***Second,*** the Parties' protective order only **provisionally** treats arbitral orders as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for 48 hours. After that, the order will remain confidential (or highly confidential) only if a party identifies

ADMIN. MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S                    3                    CASE NO. 3:24-CV-00902-JD
MATERIALS SHOULD BE SEALED

confidential material therein to the other side. *See* Ex. D § 5.3(d).[1] But Motive never identified any confidential or highly confidential material therein (much less in the 48-hour timeframe contemplated by the protective order). Turner Decl. ¶ 7. Thus, Motive's blanket claim that "All of [the order]" is confidential under the protective order is simply not true.

Motive therefore cannot meet its burden to prove that compelling reasons exist to overcome the strong presumption in favor of public access and seal the Arbitration Order, in whole or in part, or maintain the redactions to the Notice. Motive has repeatedly publicly filed arbitral orders with the Court and has never objected (until now) to Samsara doing the same. The only difference between the prior orders and this one is that this order is favorable to Samsara. The Arbitrator made multiple findings and granted Samsara's requested relief due to Motive's misconduct. Motive may have a commercial interest in hiding its conduct from consumers and the investing public, but a party's private commercial interests cannot overcome the strong presumption of public access to judicial records.

Although the Order addresses relief due to Samsara's counterclaims for breach of contract, it concerns Motive misconduct that is relevant to the instant litigations. This includes Motive's false advertising and unfair competition perpetuated in part through the same misconduct proscribed in the Arbitration, as well as Motive's baseless defamation claim against Samsara, which is based in part on Samsara's truthful statement concerning its affirmative claims that Motive engaged in "fraud" (*see, e.g.,* Dkt. 40, ¶¶ 219-22). Both legal regimes are focused in large part on protecting the public interest. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (noting that unfair competition's "larger purpose" is "protecting the general public against unscrupulous business practices"); *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014) (noting that while competitors have standing to bring false advertising claims, "in the end consumers also benefit from the [Lanham] Act's proper enforcement").

---

[1] This provision, in full, reads: "<u>for briefs, orders, reports, and other filings or exchanges that rely upon, cite to, or incorporate "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designated information</u>, that the Parties treat such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as reflected in the designations of the information relied upon, cited to, or incorporated therein, for 48 hours after service or filing at which point the Producing Party shall provide a redacted copy (or copies) of the documents served or filed and the information (e.g., exhibits) cited therein. The Producing Party shall promptly and within 24 hours of service or filing notify the Receiving Party if redactions cannot be provided within the 48-hour time frame and provide a date certain on which such redactions will be produced. Ex. D § 5.3(d).

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).  Motive should not be permitted to disguise its malfeasance for the sake of saving face in the public eye, particularly where that malfeasance may impact the public interest.  Moreover, public notice of the Arbitration Order will ultimately be necessary to ensure that the injunction has full effect.  Arbitral Orders are commonly made public during that process, and maintaining such enforcement rulings and information regarding the bases for them on the public record establishes important precedent.  *See, e.g., Berland v. Conclave, LLC*, No. 20-cv-00922-H-WVG, 2021 WL 461727, at *5-8 (S.D. Cal. Feb. 9, 2021) (confirming an arbitrator's preliminary injunction order issued under JAMS Rule 24(e) and citing Ninth Circuit authority that a court's enforcement of an arbitrator's order for such temporary equitable relief "is not an undue intrusion upon the arbitral process, but is ***essential to preserve the integrity of that process***.") (emphasis added) (quoting *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991)).  The Order also prohibits Motive from undertaking various proscribed acts through third parties.  It is important that all such third parties be aware that they should not engage in the proscribed misconduct on Motive's behalf and thereby become complicit in Motive's unlawful activity.

Samsara respectfully requests that any forthcoming request by Motive to maintain redactions to Samsara's Notice of Arbitration Developments (Ex. A) and the Arbitration Order (Ex. B), in whole or in part, be denied.

DATED:  April 28, 2025

*Respectfully submitted,*

*/s/ Ellisen S. Turner, P.C.*

Ellisen S. Turner, P.C. (SBN 224842)
Ali-Reza Boloori (SBN 271489)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:    (310) 552-4200
Facsimile:    (310) 552-5900
ellisen.turner@kirkland.com
ali-reza.boloori@kirkland.com

Joseph A. Loy, P.C. (*Pro Hac Vice*)
Joshua L. Simmons, P.C. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4980
Facsimile:    (212) 446-4900
jloy@kirkland.com
joshua.simmons@kirkland.com

Jeanne M. Heffernan, P.C. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:    (512) 678-9100
Facsimile:    (512) 678-9101
jheffernan@kirkland.com

Karthik Ravishankar (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200
karthik.ravishankar@kirkland.com

*Attorneys for Defendant Samsara Inc.*