**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC.,<br>Plaintiff,<br>v.<br>SAMSARA INC.,<br>Defendant. | CASE NO. 3:24-CV-00902-JD<br>**DECLARATION OF ELLISEN S. TURNER IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ARBITRATOR'S ORDER SHOULD BE SEALED**<br>Judge: Hon. James Donato |

I, Ellisen S. Turner, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at the law firm of Kirkland & Ellis LLP, counsel of record for Defendant Samsara Inc. ("Samsara"). I am admitted and in good standing to practice law in the state of California. I have personal knowledge of the matters set forth below and, if called and sworn as a witness, I could and would testify competently to the facts set forth herein.

2. I respectfully submit this declaration pursuant to Civil L.R. 79-5(f) and 7-11 in support of the Administrative Motion to Consider Whether the Arbitrator's Order Should Be Sealed ("Administrative Motion to Seal") in connection with Samsara's Notice of Arbitration Developments.

3. On April 24, 2025, Samsara filed a Notice of Arbitration Developments (Dkt. 89 and attached hereto as **Exhibit A**) concerning a recent order from the Arbitrator ("Arbitration Order") (Dkt. 89-1 and attached hereto as **Exhibit B**). The Arbitration Order is not marked confidential and contains no confidential content. Consistent with the parties' practice, and without any prior notice from Motive that the Arbitration Order contained Motive-confidential material (which Motive was required to provide under the parties' stipulated protective order in the Arbitration if it believe the order contained any Motive confidential information), Samsara filed the notice and the Arbitration Order publicly.

4. Motive demanded that Samsara immediately remove both the notice and the Arbitration Order because they are allegedly "subject to [the Arbitration] protective order and should not have been publicly filed." A true and correct copy of the email correspondence between Motive's counsel of record and Samsara's counsel of record is attached hereto as **Exhibit C**.

5. I responded to Mr. Wilson, asking "Can you identify the specific material that you contend is subject to a protective order?" *Id.* at 5, 10. Mr. Wilson replied, "All of it. Read the arbitration protective order Samsara agreed to." *Id.* at 10. I followed up two more times requesting that Motive identify specific material in the Notice and Arbitration Order that Motive contends that should be redacted from a public filing, but Motive declined to provide any such specificity in our written correspondence or telephonic conversation. *Id.* at 2-4.

6. A true and correct copy of the JAMS protective order is attached hereto as **Exhibit D**. Section 5.3(d) reads: "<u>for briefs, orders, reports, and other filings or exchanges that rely upon, cite to, or</u>

incorporate 'CONFIDENTIAL' and/or 'HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY' designated information, that the Parties treat such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as reflected in the designations of the information relied upon, cited to, or incorporated therein, for 48 hours after service or filing at which point the Producing Party shall provide a redacted copy (or copies) of the documents served or filed and the information (e.g., exhibits) cited therein. The Producing Party shall promptly and within 24 hours of service or filing notify the Receiving Party if redactions cannot be provided within the 48-hour time frame and provide a date certain on which such redactions will be produced." Ex. D § 5.3(d).

7. Before Samsara filed the Notice and Arbitration Order on April 24, 2025, Motive had never identified, claimed, or otherwise suggested that the Arbitration Order contained any Motive-confidential material.

8. Nevertheless, acting in good faith while maintaining Samsara's disagreement with Motive regarding confidentiality, promptly after receiving Motive's request that Samsara's April 24, 2025 filing be sealed, Samsara called the clerks' office and had Samsara's Notice and the attached Arbitration Order put under seal.

9. Because Motive declined to identify any specific portions of the Notice (or Arbitration Order) that contain Motive-Confidential information, out of an abundance of caution, Samsara filed the Arbitration Order under seal in its entirety and redacted all references to the order from its Notice.

10. As such, Samsara's Administrative Motion to Seal concerns the following documents:

| Document | Reason for Sealing | Designating Party |
|---|---|---|
| Notice of Arbitration Developments, dated April 24, 2025[1] | Purportedly contains material that Motive argues is Confidential and/or Highly Confidential | Motive |

[1] Attached hereto as **Exhibit A** is a copy of the Notice with the material subject to Samsara's Motion highlighted. A courtesy redacted copy of that Notice is also attached hereto as **Exhibit E.**

| Document | Reason for Sealing | Designating Party |
|---|---|---|
| Order No. 11 (Ex. A to Notice of Arbitration Developments) | Purportedly contains material that Motive argues is Confidential and/or Highly Confidential | Motive |

11. Attached hereto as **Exhibit F** is a true and correct copy of Samsara's public Terms of Service as of June 30, 2022.

12. Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the Open Sessions of the Evidentiary Hearing Transcript in the matter of *Certain Vehicle Telematics, Fleet Management, and Video-Based Safety Systems, Devices, and Components Thereof*, Inv. No. 337-TA-1393 (U.S. ITC. March 20, 2025).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California.

Dated: April 28, 2025

*<u>/s/ Ellisen S. Turner</u>*
Ellisen S. Turner