# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSARA INC.,<br><br>        Defendant. | Case No. 3:24-cv-00902-JD<br><br>STIPULATED AND [proposed] PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION, AND/OR TRADE SECRETS |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this ~~Stipulated Protective~~ Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

United States District Court
Northern District of California

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel:  Up to four specifically designated House Counsel who seek access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. For purposes of this Order, Motive designates [INSERT] as its Designated House Counsel, and Samsara designates Caitlyn Chacon, Adam Eltoukhy, Joss Nichols, and David Fry as its Designated House Counsel. To the extent either party's Designated House Counsel leaves the employment of such party or is re-assigned such that a new House Counsel now has oversight over this case, a party may designate a new House Counsel to replace the departing Designated House Counsel in writing to the other party.

2.42.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.52.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.62.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.72.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

2

Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.82.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing Source Code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.92.10 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.102.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.112.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.122.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.132.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.142.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.152.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16 2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 2.18    Source Code: human-readable representations of actually completed, implemented, and/or realized software, firmware, and integrated circuits. Source code includes, but is not limited to, programming language text in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor ("DSP"), hardware design language ("HDL"), VHDL, or Verilog programming languages. Source Code further includes the text of any comments associated with any of the foregoing, any files containing any of the foregoing, and all filenames and directory and folder structures in which such files are maintained. Source code further includes any ".include" files, "make" files, "link" files, header files, resource files, library files, module definition files, debug files, and other human-readable files used in the generation and/or building of firmware or software directly executed on a microprocessor, microcontroller, or DSP, and includes all directory and folder structures in which such files are maintained. Source code in the form of programming language text shall be made available for inspection in ASCII text files.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any

4

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

United States District Court
Northern District of California

5

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE," as appropriate. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is

STIPULATED PROTECTIVE ORDER                                 CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container

STIPULATED PROTECTIVE ORDER                                                      CASE NO. 3:24-CV-00902-JD

or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

8

explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

STIPULATED PROTECTIVE ORDER                                         CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this action, and for no other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

United States District Court
Northern District of California

10

STIPULATED PROTECTIVE ORDER                                CASE NO. 3:24-CV-00902-JD

deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the Designated House Counsel of the Receiving Party (1) who have no involvement in competitive decision making, and (2) who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), except that such Designated House Counsel may not receive "HIGHLY CONFIDENTIAL – SOURCE CODE" information

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER                    CASE NO. 3:24-CV-00902-JD

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

12

STIPULATED PROTECTIVE ORDER                                CASE NO. 3:24-CV-00902-JD

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION AND DEVELOPMENT BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to: (1) automatic calibration of machine vision systems in vehicles; and (2) development or implementation of machine vision models for automotive applications, including implementation of models on computer chips ("Barred Technical Fields"). Such patents and patent applications include, without limitation, the patent(s) asserted in this action and any patent or application claiming priority to or otherwise related to the patent(s) asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting, amending, or advising on the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in challenging or defending a patent in any

STIPULATED PROTECTIVE ORDER                                    CASE No. 3:24-CV-00902-JD

post-grant proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action. Technical experts for a Receiving Party who personally review any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials or information must agree not to perform hardware, software, or product development work for commercial purposes that is related to the Barred Technical Fields, from the time of receipt of such material through final termination of this action.

9.    SOURCE CODE

(a)    To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution and Development Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)    Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Source Code shall be made available for inspection on a secured computer ("Source Code Computer") in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Receiving Party

STIPULATED PROTECTIVE ORDER                                          CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

may use appropriate software tools on the Source Code Computer that are approved and installed by the Producing Party, including at least one text editor that is capable of printing programming language text of Source Code with page and/or line numbers in PDF (as well as the directory path information and filenames from which the programming language text is printed), a source code comparison tool, and at least one multi-text file text search tool. Should it be necessary, other tools, which have been approved by the Producing Party, shall be installed by the Producing Party. Licensed copies of other software tools approved by the Producing Party shall be installed on the Source Code Computers by the Producing Party, and paid for by the Receiving Party. The Receiving Party may request specific software programs or tools to be installed on the Source Code Computers, and the Producing Party may not unreasonably withhold its consent to any such software program provided that the Receiving Party provides any applicable permissions and/or licenses for installation of any such tools. To the extent that the programs or tools used by the Receiving Party record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(d)     A Receiving Party will provide two (2) business days' notice before any Source Code inspections. The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the secure facility for review by the Receiving Party, subject to that facility's availability. Proper identification of all authorized persons will be provided before any access to the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any state of the United States, or by the government of the United States. Upon reasonable notice from the Receiving Party, which shall not be less than two (2) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computer outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall

United States District Court
Northern District of California

15

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

not end later than 8:00 p.m. local time at the reviewing location. The Parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party's outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this investigation.

(e)    No person other than the Producing Party may alter, dismantle, disassemble, or modify the stand-alone computer in any way; or attempt to circumvent any security feature of the computer.

(f)    The Receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants ("PDAs"), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

(g)    Any printouts of Source Code provided by the Producing Party may only be transported via: (1) hand delivery by persons allowed to access the Source Code under this order (and their support staff); (2) Federal Express or similar courier service (with package tracking and requiring adult signature at delivery).

(h)    If any individual inspecting Source Code seeks to take handwritten notes, all such notes will be taken on bound (spiral or other type of permanents bound) notebooks. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(i)    The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such Source Code in paper form including Bates numbers and

STIPULATED PROTECTIVE ORDER                                          CASE NO. 3:24-CV-00902-JD

the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(j)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(k)      No electronic copies of the Source Code shall be provided by the Producing Party except pursuant to sub-paragraph (m)(3) below. Electronic copies of Source Code may be made to be included in documents which, pursuant to the court's rules, procedures and order(s), may be filed or served electronically and which are marked with the designation "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Party including the Source Code in such documents will limit the amount of such Source Code to what is reasonably necessary for the Party to make its point. Absent the Producing Party's consent (which will not be unreasonably withheld), an excerpt of programming language text will not exceed fifty (50) continuous lines of code.

(l)      If the Producing Party objects in any manner to the production of the requested source code (e.g., the request is too voluminous), it shall state its objection within three (3) business days following the request by the Reviewing Party. In the event of a dispute, the Parties will meet and confer within five (5) business days of the objection being raised and if they cannot

STIPULATED PROTECTIVE ORDER                                      CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

resolve it the parties may raise the dispute with the district court.

(m)    Hard copy printouts of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled HIGHLY CONFIDENTIAL – SOURCE CODE on each page and shall be maintained by the Receiving Party's outside counsel, or others to whom HIGHLY CONFIDENTIAL – SOURCE CODE material may be disclosed pursuant to paragraph 7.3, in a secured locked area.  Such printouts, where made of programming language text, must include (1) directory path information and filenames from which the programming language text was printed and (2) line numbers.  The Receiving Party may also temporarily keep the print outs at: (1) the court house for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the print outs (*e.g.*, a hotel prior to a court proceeding or deposition).  For avoidance of doubt, an access-restricted location within the facilities of outside counsel or other persons to whom HIGHLY CONFIDENTIAL – SOURCE CODE material may be disclosed pursuant to paragraph 7.3, such as a conference room within an access restricted office or a locked drawer or cabinet, shall constitute a secured locked area.  The Receiving Party shall exercise due care in maintaining the security of the printouts at these temporary locations.  No further hard copies of such Source Code shall be made, and the Source Code shall not be transferred into any electronic format or onto any electronic media except as follows:

1.    The Receiving Party is permitted to make up to three (3) additional hard copies for use at a deposition.  One hard copy of the Source Code may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area. All other copies shall be destroyed immediately after the deposition is concluded.

2.    The Receiving Party is permitted to make up to three (3) additional hard copies for the district court in connection with a court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue

United States District Court
Northern District of California

18

for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a court filing, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE; or (2) those pages containing quoted Source Code will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

3.    At the request of the Receiving Party, the Producing Party will prepare up to three (3) CD-ROMs or DVDs that contain an electronic copy of all or any portion of the hard copy printouts of Source Code provided by the Producing Party and shall provide it to the Receiving Party within five (5) business days of each such request by the Receiving Party. Information stored on any such CD-ROMs or DVDs shall be encrypted and accessible via password. The Receiving Party may provide these CD-ROMs or DVDs to persons permitted to receive HIGHLY CONFIDENTIAL - SOURCE CODE materials pursuant to paragraph 7.3, who may use such CD-ROMs or DVDs solely for active review of the Source Code. The CD-ROMS and DVDs shall not be copied, in whole or in part, under any other circumstances. A Receiving Party may destroy one or more of the three (3) previously created CD-ROMs or DVDs and request one or more new CD-ROMs or DVDs provided that the total number in possession of the Receiving Party does not exceed three (3). For avoidance of doubt, it is understood that Receiving Party need not destroy any CD-ROMs or DVDs while waiting to receive an updated CD-ROM or DVD from the Producing Party. All CD-ROMs or DVDs shall be destroyed within five (5) days after the termination of this case (whether by dismissal or final judgment). The viewing of any such CD-ROMs or DVDs shall be done only when all network communication functions and USB ports of the viewer's device are disabled. Any such CD-ROMs or DVDs shall never be connected to the viewer's device

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

while any of the device's network communication functions or USB ports is enabled. No file or portion thereof may be copied from any such CD-ROM or DVD onto the device, subject to the sole exception that screenshots of any such files may be copied onto the device for the sole purpose of being used in reports by experts or in documents prepared by counsel. The Receiving Party's counsel shall also keep a log that identifies each individual that is provided one such CD-ROM or DVD and records the destruction of all CD-ROMs or DVDs provided by the Producing Party pursuant to this subparagraph. Outside counsel for the Receiving Party will produce, upon request, each such source code log to the Producing Party within twenty (20) days of the termination of this case.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

20

United States District Court
Northern District of California

Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. For the avoidance of doubt, a Party is not considered to have possession, custody, or control of documents in the possession of its outside counsel.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement (pre-dating the date the discovery request was propounded) with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or

21

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective

22

United States District Court
Northern District of California

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons and/or Parties, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such

STIPULATED PROTECTIVE ORDER                                CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____.


By: ___*DRAFT*_____
David S. Bloch (SBN CA 184530)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone:    415.590.5110
Facsimile:    415.707.2010
blochd@gtlaw.com


Kyle D. Chen (SBN CA 239501)
George D. Zalepa (*pro hac vice*)
James J. DeCarlo (*pro hac vice*)
Yang Liu (SBN CA 319390)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone:    650.328.8500
Facsimile:    650.328.8508
kchen@gtlaw.com
george.zalepa@gtlaw.com
decarloj@gtlaw.com
yang.liu@gtlaw.com

Joseph Petrosinelli (*pro hac vice*)
C. Bryan Wilson (*pro hac vice*)
Jack H. Danon (*pro hac vice)*
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone:    202.434.5547
Facsimile:    202.434.5029
jpetrosinelli@wc.com
bwilson@wc.com
jdanon@wc.com


*Attorneys for Plaintiff* MOTIVE

By: ___*DRAFT*_____
Ellisen S. Turner, P.C. (SBN 224842)
Ali-Reza Boloori (SBN 271489)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:    (310) 552-4200
Facsimile:    (310) 552-5900
ellisen.turner@kirkland.com
ali-reza.boloori@kirkland.com

Joseph A. Loy, P.C. (*pro hac vice*)
Joshua L. Simmons, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue,
New York, NY 10022
Telephone:    (212) 446-4980
Facsimile:    (212) 446-4900
jloy@kirkland.com
joshua.simmons@kirkland.com

Jeanne M. Heffernan, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:    (512) 678-9100
Facsimile:    (512) 678-9101
jheffernan@kirkland.com

Karthik Ravishankar (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200
karthik.ravishankar@kirkland.com


*Attorneys for Defendant* SAMSARA INC.

24

STIPULATED PROTECTIVE ORDER

CASE NO. 3:24-CV-00902-JD

TECHNOLOGIES, INC.

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)

I, David S. Bloch, hereby attest, pursuant to N.D. Cal. Civil Local Rule 5-1, that the concurrence to the filing of this document has been obtained from _____, signatory hereto.

Dated: [INSERT]

By:     */s/ DRAFT*

David S. Bloch

*Attorneys for Motive Technologies, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____

Hon. James Donato
United States District Judge

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Motive Technologies, Inc. v. Samsara Inc.*, Case No. 3:24-cv-00902-JD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not (1) disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, or (2) use in any manner any information or item that is subject to this Stipulated Protective Order except in strict compliance with paragraph 7.1.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
         [signature]

26

STIPULATED PROTECTIVE ORDER                                CASE NO. 3:24-CV-00902-JD

United States District Court
Northern District of California

United States District Court
Northern District of California

27