UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  July 10, 2025                                             Judge:  Hon. James Donato

Time:  20 Minutes

Case No.        **3:24-cv-06049-JD**
Case Name      **Samsara Inc. v. Motive Technologies Inc.**

Attorney(s) for Plaintiff(s):      Ellison Turner/Joe Loy
Attorney(s) for Defendant(s):    Bryan Wilson/David Bloch

Deputy Clerk:  Lisa R. Clark                          Court Reporter:  Robin Herrera

PROCEEDINGS

Motion Hearing -- Held

NOTES AND ORDERS

As discussed on the record, for Samsara's motion to confirm an arbitral award, Dkt. No. 114, the parties' briefing and filing practices were poor and were needlessly time-consuming and unduly difficult to work through.

Among other issues, the parties did not clearly label their filings on the ECF docket.  For example, the unredacted version of a brief was merely titled as "Exhibit E" to a declaration.  Dkt. No. 127-6.  This made the operative briefs difficult to locate.

The unredacted versions of the briefs were also presented poorly.  The redactions were sweepingly broad in scope, and they were visually conveyed in ways that made the brief nearly impossible to read (as nearly all of the text was covered in dark green highlighting) and were inscrutable (different colors of highlighting were utilized with no easily accessible explanation of what the different colors meant).  *See* Dkt. Nos. 119-2, 127-6, 137-3.

The briefs were also filled with ad hominem attacks on the other side, with each side accusing the other of bad faith litigation conduct of all kinds.  *See* Dkt. Nos. 119-2, 127-6, 137-3.

These practices must stop.  Briefs must be filed in ways that are easily and quickly locatable on the ECF docket and presented in ways that are actually legible.  Counsel must at all times adhere to the standards of professionalism and civility expected of all counsel practicing in this District.  All future filings of any sort that do not adhere to these standards will be stricken by the Court.

1

An opportunity to file a conforming brief will not be provided.  The Court will be the sole administrator of these requirements.  No party or lawyer may raise them in any way against the other side.

With respect to substance, the parties agree that they will abide by the arbitrator's interim order, and jointly state that a final hearing and order are imminent.  The Court consequently terminates all arbitration-related filings on the docket.  The parties may seek confirmation of the final award as warranted.  If so, confirmation should be sought as succinctly as possible, highlighting only those areas where there is a substantive dispute as to confirmation.

For the *Motive* case, No. 24-cv-902-JD, which involves identical parties and counsel, and the dispute about the scope of the protective order, Dkt. No. 103, each side may nominate one in-house counsel to have access to information designated as "Highly Confidential."  The parties should nominate an in-house attorney who is not engaged in competitive matters.  The parties are directed to confer about the nominations and reach an agreement.  Each attorney will be identified by name in the protective order.

The parties are directed to file by July 17, 2025, a joint statement identifying a new mediator that they would like to work with.  The parties will file by the same date a revised proposed case schedule for the *Motive* case, No. 24-cv-902-JD.