GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT (SBN 208552)
JKrevitt@gibsondunn.com
STUART M. ROSENBERG (SBN 239926)
SRosenberg@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone:    650.849.5300
Facsimile:    650.849.5333

BRIAN A. ROSENTHAL (*pro hac vice*)
BRosenthal@gibsondunn.com
KATHERINE Q. DOMINGUEZ (*pro hac vice*)
KDominguez@gibsondunn.com
ALLEN KATHIR (*pro hac vice*)
AKathir@gibsondunn.com
ALLYSON PARKS (*pro hac vice*)
AParks@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    212.351.4000
Facsimile:    212.351.4035

GIBSON, DUNN & CRUTCHER LLP
JAYSEN S. CHUNG (SBN 280708)
JSChung@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    415.393.8200
Facsimile:    415.393.8306

NATHANIEL R. SCHARN (SBN 305836)
NScharn@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone:    949.451.3800
Facsimile:    949.451.4220

HANNAH L. BEDARD (*pro hac vice*)
HBedard@gibsondunn.com
WENDY W. CAI (*pro hac vice*)
WCai@gibsondunn.com
1700 M STREET, NW
Washington, DC 20036
Telephone:    202.955.8500
Facsimile:    202.467.0539

*Attorneys for Defendant Samsara Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC.,<br><br>       Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>SAMSARA INC.,<br><br>       Defendant and Counterclaim Plaintiff. | CASE NO. 3:24-CV-00902-JD<br><br>**SAMSARA, INC.'S NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW**<br><br>Noticed Hearing Date: January 8, 2026<br>Noticed Hearing Time: 10:00 a.m.<br>Courtroom 11, 19th Floor<br>Judge: Honorable James Donato |

PLEASE TAKE NOTICE that on November 25, 2025, or as soon thereafter as the parties may be heard before the Honorable Judge James Donato of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant and Counterclaim Plaintiff Samsara, Inc. ("Samsara") will, and hereby does, move this Court for a partial stay of proceedings pending *inter partes* review. This motion is based upon this Notice; the following Memorandum of Points and Authorities; the complete files and records in this action; the argument of counsel; and such other matters as the Court may consider.

# TABLE OF CONTENTS

I.  INTRODUCTION .......................................................................................................................... 1
II. BACKGROUND ........................................................................................................................... 2
III. LEGAL STANDARD .................................................................................................................. 3
IV. ARGUMENT ................................................................................................................................ 4
    a.  A Stay Would Significantly Simplify the Issues ................................................................... 4
        i.  The IPRs Will Most Likely Result in Invalidation of All Asserted Claims ................................ 4
        ii. The IPRs Will Narrow the Issues Even if Some Asserted Claims Survive ............................... 6
    b.  The Case Is in Its Early Stages ............................................................................................... 8
    c.  A Stay Will Not Unduly Prejudice Motive ............................................................................. 8
V.  CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
    2009 WL 4981164 (N.D. Cal. Dec. 15, 2009) ........................................................................8

*Brightex Bio-Photonics, LLC v. L'Oreal USA, Inc.*,
    2025 WL 1866339 (N.D. Cal. July 7, 2025) ..........................................................................6

*Columbia Ins. Co. v. Simpson Strong-Tie Co.*,
    703 F. Supp. 3d 1007 (N.D. Cal. 2023) ...............................................................3, 4, 8, 9, 10

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*,
    385 F. Supp. 2d 1022 (N.D. Cal. 2005) ................................................................................4

*Dialect, LLC v. Google, LLC*,
    2024 WL 4314206 (N.D. Cal. Sept. 26, 2024) ......................................................................5

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) .............................................................................................3

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
    2014 WL 4802426 (N.D. Cal. Sept. 26, 2014) ...................................................................7, 8

*Finjan, Inc. v. Symantec Corp.*,
    139 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................................................3

*LBT IP II LLC v. Uber Techs. Inc.*,
    2023 WL 322894 (N.D. Cal. Jan. 19, 2023) .......................................................................7, 8

*LELO, Inc. v. Standard Innovation (US) Corp.*,
    2014 WL 2879851 (N.D. Cal. June 24, 2014) ...............................................................4, 8, 9

*Omega Eng'g, Inc. v. Raytek Corp.*,
    334 F.3d 1314 (Fed. Cir. 2003) .............................................................................................7

*Sonics, Inc. v. Arteris, Inc.*,
    2013 WL 503091 (N.D. Cal. Feb. 8, 2013) ...........................................................................7

*Symantec Corp. v. Zscaler, Inc.*,
    2018 WL 3539267 (N.D. Cal. July 23, 2018) .......................................................................9

*Topia Tech., Inc. v. Dropbox Inc.*,
    2023 WL 3437823 (N.D. Cal. May 12, 2023) ......................................................................5

**Statutes**

35 U.S.C. §§ 313, 314(b), 316(a)(11) ...........................................................................................3

§ 101 of the Patent Act .................................................................................................................3

**Regulations**

37 C.F.R. § 42.107 ................................................................................................................3

**TABLE OF ABBREVIATIONS**

| ABBREVIATION | DESCRIPTION |
|---|---|
| '243 patent | U.S. Pat. No. 12,062,243 |
| '276 patent | U.S. Pat. No. 12,136,276 |
| '580 patent | U.S. Pat. No. 11,875,580 |
| IPR | *Inter Partes* Review |
| Motive | Plaintiff and Counterclaim Defendant Motive Technologies, Inc. |
| PTAB | Patent Trial and Appeal Board |
| PTO | U.S. Patent and Trademark Office |
| Samsara | Defendant and Counterclaim Plaintiff Samsara Inc. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Samsara moves to stay Motive's patent infringement claims pending final resolution of Samsara's IPR petitions challenging all asserted claims.

The PTAB has already instituted IPR proceedings on the sole patent Motive asserted in its original complaint (the '580 patent). Those instituted proceedings alone confirm there is a reasonable likelihood that the claims of the '580 patent are not patentable and will either eliminate all asserted '580 claims or significantly narrow the issues in this case.

In addition, although Motive added two other patents (the '276 and '243 patents) to this case nearly 17 months after Motive filed this lawsuit, Samsara promptly filed IPR petitions on those patents and fully expects the PTAB will institute IPR proceedings on them. The '276 patent is a continuation of the '580 patent, and the claims are so similar that the Patent Office determined claim 1 of each patent to be "not patentably distinct" from each other during prosecution. Consistent with that overlap, Samsara's '276 IPR petition relies on the same primary prior art reference at issue in the already instituted '580 IPR. Institution is also likely for the '243 petition. Motive emphasized the '243 patent's similarity to the '580 and '276 patents when it sought leave to add the '243 patent to this case. *See* Dkt. 96 (Motive's Motion for Leave) at 5. Moreover, the '243 petition relies on previously unconsidered prior art and the PTAB can resolve the IPR well before the August 2027 trial date.

Moreover, Motive cannot rely on the earlier stage of the '276 and '243 IPR petitions to argue that a stay is premature; institution remains pending on those patents only because *Motive* chose to add them to this lawsuit more than 15 months after it was filed, rather than assert them in a new case. Motive should not be permitted to use its late addition of these patents as a reason to avoid a stay. Indeed, to allow otherwise would run directly counter to Motive's prior representation that the timing of its late amendment would not prejudice Samsara or provide Motive a tactical advantage. Absent the addition of these two

patents, Motive would have no arguable basis to oppose a stay in view of the already instituted '580 IPR. *Id.* at 5-6.

Accordingly, while Samsara recognizes that this Court does not typically stay a patent infringement claim before the related IPR is instituted, these facts and the unique procedural posture warrant a stay of all Motive's patent infringement claims now. A stay would streamline this litigation by eliminating Motive's patent infringement claims entirely or narrowing the issues. Further, the bulk of this case has yet to be litigated, discovery is in its early stages, claim construction proceedings have not yet started, and trial will not occur for nearly two years. Finally, Motive would not be unduly prejudiced because the petitions will be resolved before the August 2027 trial date in this case, it was Motive's choice to delay adding the '276 and '243 patents, and monetary damages would be sufficient to remedy any harm to Motive. Thus, with all relevant factors heavily favoring a stay, this motion should be granted.

## II.   BACKGROUND

On February 15, 2024, Motive filed this action asserting the '580 patent and non-patent causes of action. Dkt. 1. Samsara filed an IPR petition against the '580 patent on February 14, 2025, and the PTAB instituted review on August 27, 2025. IPR2025-00574, Paper 12. The PTAB will render a final written decision within 12 months. *Id.*

On May 15, 2025, Samsara filed an answer and counterclaims to Motive's complaint. Dkt. 94. In its counterclaims, Samsara asserted three patents against Motive. *Id.* To date, Motive has not filed an IPR petition against any of Samsara's patents.

On May 29, 2025, over 15 months after filing this case and only after Samsara filed its counterclaims, Motive moved to amend its complaint to allege infringement of two additional patents: the '243 and '276 patents. *See* Dkt. 96. In seeking leave to add these new patents—over Samsara's opposition—Motive explained the new patents are similar to the '580 patent. *Id*. at 5 ("The new '276 patent is a continuation of the already asserted '580 patent, and all three patents are directed to similar

technologies."). Motive also argued that adding these two patents would not cause Samsara prejudice. Motive's Reply (Dkt. 104) at 4. For example, Motive argued the new patents would "not alter the nature of the case or Samsara's defense strategy." Dkt. 96 at 5 ("Nor can Samsara claim prejudice based on the timing of Motive's motion."). The Court granted Motive's motion for leave to file a Second Amended Complaint, Dkt. 106, and on July 9, 2025, Motive filed the Second Amended Complaint asserting the '243 and '276 patents. Dkt. 107.

Samsara promptly filed IPR petitions on the '276 and '243 patents on October 17 and November 14, respectively—approximately three and four months after the Second Amended Complaint was filed and approximately eight months before the statutory deadline. IPR2026-00034; IPR2026-00108; Exs. A-B. The PTAB will decide whether to institute proceedings within six months and will render a final written decision within 12 months thereafter. 35 U.S.C. §§ 313, 314(b), 316(a)(11); 37 C.F.R. § 42.107. Samsara also moved to dismiss the newly asserted patents as directed toward ineligible subject matter under Section 101 of the Patent Act. Dkt. 112. That motion remains pending.

The case remains in its early stages. Discovery has only just begun—the parties have done no more than exchange initial disclosures, infringement and invalidity contentions, and discovery requests. No depositions have been noticed or taken. The claim construction hearing is set for April 2026, and expert discovery is set to conclude in November 2026. Dkt. 115. Trial is set for August 30, 2027. Dkt. 115.

### III.   LEGAL STANDARD

"A district court has the inherent power and discretion to stay judicial proceedings pending [IPR]." *Columbia Ins. Co. v. Simpson Strong-Tie Co.*, 703 F. Supp. 3d 1007, 1010 (N.D. Cal. 2023) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)); *see also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (recognizing "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO . . . proceedings.").

Three factors are relevant in determining whether to grant a stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Columbia Ins.*, 703 F. Supp. 3d at 1010. "A stay is 'particularly justified where the outcome of the [IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the [IPR], would eliminate the need to try the infringement issue.'" *LELO, Inc. v. Standard Innovation (US) Corp.*, 2014 WL 2879851, at *2 (N.D. Cal. June 24, 2014) (quoting *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

## IV. ARGUMENT

All three stay factors favor granting this motion. The IPRs will likely eliminate Motive's asserted patents or claims, significantly narrowing the issues for this Court. Moreover, even if Motive's claims were to survive, the record developed in the PTAB will provide the Court with substantive guidance that will streamline claim construction and simplify the issues for trial. In addition, the case is still in its early stages and trial will not occur for nearly two years. Further, a stay would not unduly prejudice or present a tactical disadvantage to Motive.

### a. A Stay Would Significantly Simplify the Issues

A stay could eliminate Motive's patent infringement case entirely, and in any event will streamline this case regardless of the IPRs' outcome. Thus, this factor strongly favors a stay. *See LELO*, 2014 WL 2879851, at *3 (noting simplification is the "central purpose" of IPR proceedings).

#### i. The IPRs Will Most Likely Result in Invalidation of All Asserted Claims

Because Samsara's petitions challenge every asserted patent claim, the IPRs stand to eliminate Motive's patent infringement case entirely and allow the case to proceed solely with Motive's non-patent causes of action and Samsara's patent infringement counterclaims.

IPR proceedings have already been instituted for the '580 patent. The most likely outcome of these instituted proceedings is that all of the '580 patent claims asserted in this case will be held unpatentable. Indeed, the PTAB trial statistics for the most recent data period show that 63% of patents addressed in a Final Written Decision had all claims invalidated. *See* Ex. C (PTAB Trial Statistics).

There is also a high likelihood that the '276 petition will be instituted and materially simplify this case, given the patent's close relationship to the '580 patent and the fact that the same primary prior art reference used in the '580 IPR is also being used to challenge the '276 patent. The '276 and '580 patents share a common specification, and certain independent claims are so similar that the Patent Office deemed them "not patentably distinct from each other." Ex. D, Non-Final Rejection, U.S. Patent Application No. 18/527,266 at 3-4 (USPTO, mailed June 12, 2024). Motive's claim charts further demonstrate the similarity between the claims of these patents, as they cite the same material across the two patents. *Compare* Dkt. 107-2, *with* Dkt. 107-4. Thus, particularly because the same primary prior art is at issue in both petitions, the PTAB's decision to institute the '580 IPR strongly indicates that the '276 IPR will likewise be instituted. *See Topia Tech., Inc. v. Dropbox Inc.,* 2023 WL 3437823, at *4 (N.D. Cal. May 12, 2023) ("[T]he PTAB's institution of review of the '942 patent suggests institution is more likely for the other similar patents asserted in this case.").

The '243 petition is likewise likely to be instituted and to eliminate or materially narrow the issues in this case. Institution is likely because the '243 and '580 patents share overlapping inventors and very similar subject matter. Indeed, Motive cannot deny that the two patents involve similar subject matter, as Motive itself argued they relate to similar technology when it successfully obtained leave to assert the '243 patent in this case. Motive's Motion for Leave (Dkt. 96) at 5; *see Dialect, LLC v. Google, LLC*, 2024 WL 4314206, at *3 (N.D. Cal. Sept. 26, 2024) (noting "the asserted petitions are likely to be instituted" because petitions on "patents with same inventors and similar subject matter" had already been instituted). In addition, Samsara's '243 IPR petition presents the Patent Office with prior art it never considered before

allowing the patent, which further supports granting a pre-institution stay. *See Brightex Bio-Photonics, LLC v. L'Oreal USA, Inc.*, 2025 WL 1866339, at *1 (N.D. Cal. July 7, 2025) (granting pre-institution stay where petition was based on "prior art that was not considered by the PTO during the original examination").

Even though certain changes have taken place at the PTO this year, institution is still likely. PTO Director Squires has made clear that the PTO's decisions over the past year "provid[e] substantial guidance" on how he will "handle discretionary considerations." Ex. E, October 17, 2025 Memorandum from PTO Director Squires at 2. Those decisions illustrate that under the facts here, Samsara's IPR petitions are still likely to be granted. The '276 and '243 patents issued within the past six years and the IPRs would conclude before the scheduled trial date in this case. *See, e.g.*, IPR2025-01023, Paper 12 (finding discretionary denial was not appropriate because IPR would likely conclude before trial and patents issued in 2020 and 2023). Indeed, in the last three weeks, the PTO has instituted 23 IPR petitions involving patents issued within the last six years. *See* IPR2025-00951, IPR2025-00915, IPR2025-00842, IPR2025-00949, IPR2025-00843, IPR2025-00901, IPR2025-00911, IPR2025-00896, IPR2025-00910, IPR2025-00909, IPR2025-00907, IPR2025-00827, IPR2025-00860, IPR2025-00857, IPR2025-00898, IPR2025-00819, IPR2025-00818, IPR2025-00821, IPR2025-00913, IPR2025-01044, IPR2025-01043, IPR2025-00916, IPR2025-00914. These decisions further support that the '276 and '243 IPRs are likely to be instituted and simplify this case. *See Brightex*, 2025 WL 1866339, at *3 (granting stay and noting plaintiff pointed to "nothing specific" indicating that the IPR petition would be subject to discretionary denial).

### ii. The IPRs Will Narrow the Issues Even if Some Asserted Claims Survive

Even if any asserted claims ultimately survive, the IPRs will still narrow the issues. Given the closeness of the prior art, in order to overcome it, Motive would need to make narrowing admissions that would bind Motive in this litigation and limit the scope of the claims. Moreover, any statements made by

Motive during the IPRs will become part of the patents' prosecution histories and will aid the Court during claim construction. *See, e.g.*, *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("Statements made by [patentee] during the IPR could disclaim claim scope, aid the court in understanding the meaning of the terms, or otherwise affect the interpretation of key terms."). Thus, staying this case while allowing the IPRs to proceed will develop the intrinsic record, and, to the extent any claims survive, reduce disputes over the meaning and scope of key terms, streamline Markman proceedings, and focus fact and expert discovery. *Id.*

Additionally, a stay would further streamline the issues because Samsara has stipulated to be estopped from asserting invalidity arguments it raised or could have reasonably raised before the PTO for the '580 patent. *See LELO*, 2013 WL 503091, at *3 (noting estoppel "heavily tips the scale in favor of granting the stay"); *LBT IP II LLC v. Uber Techs. Inc.*, 2023 WL 322894, at *2 (N.D. Cal. Jan. 19, 2023) ("Even if all of the asserted claims survive, [the defendant] will be bound by the estoppel provisions, which would also simplify the issues before me.").

Even in the unlikely event that the '276 IPR or '243 IPR is not instituted, the PTAB's final written decision on the '580 patent would still significantly simplify this case. The '580 patent is related to the '276 patent and involves similar technology as compared to the '243 patent. *See Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) (staying case as to all patents due to "overlapping issues between the reexamined patents and other non-reexamined patents-in-suit"). As a result, it is highly likely that arguments pertaining to the '580 patent will impact the '276 patent, because the prosecution history of a related patent is relevant to claim construction. *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) ("The patentee made a clear and unmistakable disclaimer of claim scope in its prosecution of the parent '880 patent, and we presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning."). Given the ability of an instituted patent's petition to impact pre-institution patents, courts in this District have stayed a litigation

as to all patent claims even where IPR proceedings have been instituted only on some of the patents. *See, e.g., Columbia Ins.*, 703 F. Supp. 3d at 1012 (staying case prior to institution decision where related patent had already been partially invalidated); *Evolutionary Intel.*, 2014 WL 4802426, at *4 (collecting cases). In sum, the case-simplification factor heavily favors a stay.

### b. The Case Is in Its Early Stages

The early posture of this case strongly favors a stay. Discovery has only recently begun—the parties have exchanged only initial disclosures, infringement and invalidity contentions, and discovery requests. The parties have not yet started claim construction. No depositions have been taken, and expert discovery has not started. Consistent with these circumstances, courts have found that the early posture of this case favors a stay. *See LELO*, 2014 WL 2879851, at *3 ("While not a newborn, this case is still in infancy."); *see also LBT*, 2023 WL 322894, at *1 (finding early stage of case favored stay even where opening claim construction brief had already been filed).

Moreover, trial is not scheduled to occur for another 21 months, and courts in this District have found the timing favored a stay even in cases where trial was much more imminent. *See LELO*, 2014 WL 2879851, at *3 (13 months); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009 WL 4981164, at *2 (N.D. Cal. Dec. 15, 2009) (15 months). At bottom, there is substantial work that remains to be done before this case proceeds to trial, including the most resource and time intensive parts of a case (*e.g.*, claim construction, fact discovery, depositions, expert discovery, dispositive motions, and trial). The status of the case therefore strongly favors a stay.

### c. A Stay Will Not Unduly Prejudice Motive

Staying Motive's patent infringement claims pending the outcome of the IPR proceedings will not unduly prejudice Motive. Courts typically consider four factors in evaluating prejudice: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings;

and (4) the relationship of the parties." *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018). Here, all four factors strongly favor a stay.

Both the timing of the petition and the timing of the request factors support a stay. Samsara filed the '276 and '243 petitions promptly after Motive added those patents—well ahead of the one-year statutory deadline—and brings this motion within seven business days of filing the last of the petitions. Samsara also filed these petitions and brought this request for a stay during the early stages of this case. *Supra* 6-7. To the extent Motive argues that there was any delay, that delay was caused by Motive's late addition of the '276 and '243 patents in this lawsuit. Both patents issued by November 5, 2024, yet Motive chose not to immediately assert them in a new lawsuit. Instead, it waited until the stay in this case was lifted (in March), and then, on May 29, 2025—more than 15 months after filing this lawsuit—it moved to amend the complaint to add both patents. Dkt. 96. After Motive filed its Second Amended Complaint on July 9, 2025 (Dkt. 107), Samsara promptly filed IPR petitions.

The status of the IPRs also favors a stay. *Supra* 4-5. Samsara's '580 IPR has been instituted and the other two IPRs are highly likely to be instituted and completed before the August 2027 trial date. *Id.* Further, the lack of institution decisions on the '276 and '243 petitions is entirely due to Motive's belated assertion of the '243 and '276 patents. Allowing Motive to benefit from its staggered assertion of patents would unduly prejudice Samsara—the opposite of what Motive argued would occur if the Court permitted it to add these two patents to this case. Thus, although this Court typically waits until after institution to grant a stay, the unique circumstances of this case warrant a stay now.

Lastly, although Motive and Samsara are competitors, this relationship "is not on its own enough to outweigh the other factors favoring the granting of the requested stay." *Columbia Ins.*, 703 F. Supp. 3d at 1013; *see also LELO*, 2014 WL 2879851, at *4 ("[W]hile some competition appears to exist between the parties, the overall state of affairs does not raise the specter of undue prejudice or clear disadvantage to [the plaintiff]."). Here, Motive has not sought a preliminary injunction and monetary damages would

be adequate to remedy any harm, should Motive ultimately succeed on the patent claims. *See Columbia Ins.*, 703 F. Supp. 3d at 1013. Likewise, any argument that a stay would unduly prejudice Motive is undermined by Motive's delay in asserting the '276 and '243 patents.

Thus, the lack of undue prejudice to Motive strongly favors a stay.

## V.  CONCLUSION

For the foregoing reasons, this Court should stay Motive's patent infringement claims pending final resolution of Samsara's IPR petitions concerning Motive's three asserted patents, including any related appeals.

| | |
|---|---|
| DATED:  November 25, 2025 | Respectfully submitted, |
| | */s/ Josh A. Krevitt* |
| | Josh A. Krevitt (SBN 208552) |
| | Brian A. Rosenthal (*pro hac vice*) |
| | Katherine Q. Dominguez (*pro hac vice*) |
| | Allen Kathir (*pro hac vice*) |
| | Allyson Parks (*pro hac vice*) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone:     212.351.3961 |
| | Facsimile:     212.716.0781 |
| | jkrevitt@gibsondunn.com |
| | brosenthal@gibsondunn.com |
| | kdominguez@gibsondunn.com |
| | akathir@gibsondunn.com |
| | aparks@gibsondunn.com |
| | |
| | Jaysen S. Chung (SBN 280708) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | One Embarcadero Center, Suite 2600 |
| | San Francisco, CA 94111-3715 |
| | Telephone:     415.393.8200 |
| | Facsimile:     415.393.8306 |
| | jschung@gibsondunn.com |
| | |
| | Stuart M. Rosenberg (SBN 239926) |
| | srosenberg@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 310 University Avenue |
| | Palo Alto, CA 94301 |
| | Telephone:     650.849.5300 |
| | Facsimile:     650.849.5333 |
| | |
| | Nathaniel R. Scharn (SBN 305836) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 3161 Michelson Drive, Suite 1200 |
| | Irvine, CA 92612-4412 |
| | Telephone:     949.451.3800 |
| | Facsimile:     949.451.4220 |
| | nscharn@gibsondunn.com |
| | |
| | Hannah L. Bedard (*pro hac vice*) |
| | Wendy Cai (*pro hac vice*) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1700 M Street, N.W. |
| | Washington, DC 20036-4504 |
| | Telephone:     202.955.8500 |
| | Facsimile:     202.467.0539 |
| | hbedard@gibsondunn.com |
| | wcai@gibsondunn.com |

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on November 25, 2025, with a copy of this document via electronic mail.

/s/ *Josh A. Krevitt*
Josh A. Krevitt