# GIBSON DUNN

Josh A. Krevitt
Partner
T: +1 212.351.2490
M: +1 917.628.5269
jkrevitt@gibsondunn.com

May 13, 2026

**Via ECF**

The Honorable James Donato
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:    *Motive Technologies, Inc. v. Samsara Inc.*, **Case No. 3:24-cv-00902-JD**

Dear Judge Donato:

Samsara respectfully seeks the Court's assistance with a discovery dispute concerning Motive's failure to produce documents responsive to Samsara's First, Second, and Third Sets of Requests for Production of Documents and Things ("RFPs").  Pursuant to the Local Rules and Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases, the parties telephonically met and conferred on February 2 & 13, 2026, and March 4, 2026 to discuss Motive's failure to adequately supplement its discovery responses and the parties could not reach agreement.

## I.    Motive Has Failed to Produce Relevant Documents It Agreed to Produce *Last Year*

For the majority of the RFPs listed below, Motive stated nearly one year ago that it "will" produce responsive documents.  5/27/25 Motive's R&Os to First Set of RFPs.  Yet with the close of fact discovery less than three months away, Motive still has not made that production.  Indeed, although Motive brought this case two years ago, to date it has produced a mere 832 documents. The documents Motive is withholding are at its fingertips and should be produced immediately.

Motive's latest excuse for its failure to produce any responsive documents is that it must conduct an ESI search—but that argument fails because many of the RFPs require no ESI search at all.  For example, Motive has not produced even the documents that Motive itself described, referenced, and/or relied upon in the Second Amended Complaint ("SAC") (RFPs 5-6, 13-29, 32-40, 46, 56).  Motive has no justification for withholding the documents that formed the factual basis for its pleading, which it must have had in hand before filing its case.

In addition, Motive has failed to produce documents responsive to several RFPs concerning its fraud, defamation, false advertising, unfair competition, and intentional interference claims.  To date, Motive has not produced any documentary evidence supporting these claims.  Motive likewise has not responded to Samsara's March 6 letter to Motive explaining that Judge Ware's (Ret.) February 4, 2026 Partial Final Award ("PFA") findings in the parties' related arbitration unambiguously contradict and will have preclusive effect on these claims.  Taking Motive's defamation claims as just one example, the findings that ████████████████████ ████████████████████████████████████████████████████████████ ████████  all preclude Motive's defamation claims by proving Samsara's statements about Motive were *true*.  *See, e.g.*, JAMS Reference No. 5100001923, PFA at 16, 19, 24, 47, 69; Dkt 208-2 at 2-3.  Because Motive nevertheless is apparently proceeding with these claims, Motive should be compelled to immediately make its responsive productions:

RFPs 41-42:  These RFPs seek documents and communications that relate to the basis of

# GIBSON DUNN

The Honorable James Donato                                              May 13, 2026
U.S. District Court for the Northern District of California                  Page 2

Motive's claim that Samsara shared a false advertisement to Motive customers in 2021. Motive has not produced documents related to this claim, including any documents about its investigation into the accused advertisement or showing the truth or falsity of the advertisement. Motive already agreed to produce responsive documents, but it has not done so. It should be ordered to do so now.

RFPs 11-12, 14-15, 41-42, 47-53, 130-131, 133: Motive has alleged that Samsara fraudulently accessed Motive accounts and defamed Motive by making statements that Motive commissioned a "deceptive study" from Virginia Tech Transportation Institute ("VTTI") and "a second false study" from Strategy Analytics ("SA"). These RFPs seek documents and communications supporting or contradicting these claims and Samsara's defenses to them. To the extent Motive has documents supporting its claims, Motive necessarily would have had them two years ago when it filed this case. Motive should be compelled to produce those documents now.

Motive has also failed to produce responsive documents that *contradict* its claims and support Samsara's defenses, even though Motive knows that many such documents exist, including those Motive ███████████████████████████████████████████ In the arbitration, ████████████████████████████████████████████████████████████████████████████████████████ *See, e.g.*, PFA at 40–43 (finding that ████████████████████████████████████████████ rejecting Motive's unclean hands defense that Samsara engaged in the same fraudulent conduct); *id.* at 61 (" ████████████████████████████████████████ ). Given Motive's prior agreement to produce documents that are responsive to these RFPs, Motive should be compelled to make those responsive productions now.

RFPs 75, 112, 113, 135-139, 148: These RFPs seek documents and communications related to Motive's reverse engineering or teardown of Samsara products or software, Motive's access to, review, and/or copying of Samsara's platform or products, and Motive's concealment of its use or access to Samsara's platform. These requests are essential at least to Samsara's defenses to Motive's defamation claims, in which Motive alleges Samsara's statements that there is a "culture based on copying" and "pervasive fraud" at Motive are false (SAC, ¶¶ 137, 226). These RFPs directly relate to the truth of Samsara's accused statements and support Samsara's unclean hands defense to Motive's fraud allegations (*e.g.*, Motive has engaged in the same type of conduct that it accuses in this case). In both the arbitration and ITC proceedings, the respective factfinders relied on documents that Motive produced in response to the same RFPs to make findings that flatly contradict Motive's claims in this case. *See, e.g.*, PFA at 16, 69, 18–19 ██████████████████████████████████████████████████████████████████████████████████████████████████ ; ID at 242; Dkt. 208-2 at 2-3.

For RFPs 75 and 112 in particular, Motive already agreed to produce responsive documents last May, but has not made that production. For RFPs 113, 135-139, and 148, Motive has no valid basis to withhold responsive documents that relate to its access, analysis, and copying of other companies' products, or its concealment of that conduct—which, as explained above, are directly relevant to Samsara's defenses to Motive's fraud, defamation, and derivative claims in this case.

# GIBSON DUNN

The Honorable James Donato
U.S. District Court for the Northern District of California

May 13, 2026
Page 3

## II.      Motive Failed to Produce Relevant Documents Regarding Its Trade Secret Claims

Motive also refuses to search for and produce relevant documents related to its trade secret misappropriation claims.  Motive alleges that Samsara misappropriated two categories of trade secrets.  SAC ¶¶ 66-97, 201–23.  First, Motive alleges that two former employees, Mr. Olivier Boireau and Ms. Pearl Lai, took "specifications," "designs," and "plans" related to Motive's use of third-party Ambarella's chip in its AI dashcam (manufactured by third-party QSMC) and gave them to Samsara.  *Id*. ¶¶ 82–85, 89.  Second, Motive alleges that an unnamed "Former Employee 1" took information regarding Motive's pricing and customers to Samsara.  *Id*. ¶¶ 73-74.  Because Motive has refused to identify its alleged trade secrets with reasonable particularity, however, Samsara has no further details about these vague allegations and thus propounded these RFPs in an effort to understand Motive's claims.  But Motive has failed to comply with these RFPs without basis.  Motive should be ordered to produce documents that are responsive to the following RFPs that relate to Motive's trade secret misappropriation claims:

RFPs 195-99, 207, 213-14:  These RFPs seek documents related to Mr. Boireau and Ms. Lai, including documents related to roles and responsibilities while employed by Motive, resignation from Motive, and work with Ambarella and QSMC.  Motive objects based on alleged overbreadth, but this objection is meritless.  To the extent any of Samsara's requests are overbroad, it is because Motive's allegations in its SAC are overbroad and Motive has refused to identify its alleged trade secrets with particularity as it is required to do under the law.  Moreover, Samsara's RFPs are tailored to the needs of this case.  For example, because Motive contends Mr. Boireau and Ms. Lai wrongfully departed Motive, Samsara seeks documents related to their resignation, including resignation letters and communications related to resignation.

RFP 199:  Motive accuses Samsara of using information Mr. Boireau and Ms. Lai allegedly took relating to Motive's AI dash cam.  This RFP seeks documents related to the alleged similarities between the products.  Motive's objections to breadth and burden should be overruled.

RFPs 208-12:  These RFPs seek documents related to the unnamed "Former Employee 1" in Motive's SAC and its allegations that the employee wrongfully took confidential information relating to Motive's pricing and customers.  These documents will confirm the confirm the identity of the former employee and are relevant to Motive's allegation of wrongdoing.  Motive's relevance and overbreadth objections should thus be overruled.

RFPs 140–42:  Motive accuses Samsara of recruiting Motive's employees as a basis for its trade secret and unfair competition claims.  These RFPs seek documents related to Motive's recruitment of Samsara employees, which are relevant to at least Samsara's unclean hands defense, and Motive's relevance and overbreadth objections should again be overruled.

**GIBSON DUNN**

The Honorable James Donato                                        May 13, 2026
U.S. District Court for the Northern District of California              Page 4

Very truly yours,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Josh A. Krevitt*

Josh A. Krevitt

*Attorney for Defendant and Counterclaim Plaintiff Samsara Inc.*