GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT (SBN 208552)
JKrevitt@gibsondunn.com
STUART M. ROSENBERG (SBN 239926)
SRosenberg@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300
Facsimile: 650.849.5333

BRIAN A. ROSENTHAL (*pro hac vice*)
BRosenthal@gibsondunn.com
KATHERINE Q. DOMINGUEZ (*pro hac vice*)
KDominguez@gibsondunn.com
ALLEN KATHIR (*pro hac vice*)
AKathir@gibsondunn.com
ALLYSON PARKS (*pro hac vice*)
AParks@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

GIBSON, DUNN & CRUTCHER LLP
JAYSEN S. CHUNG (SBN 280708)
JSChung@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

NATHANIEL R. SCHARN (SBN 305836)
NScharn@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800
Facsimile: 949.451.4220

HANNAH L. BEDARD (*pro hac vice*)
HBedard@gibsondunn.com
WENDY W. CAI (*pro hac vice*)
WCai@gibsondunn.com
1700 M STREET, NW
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant and Counterclaim Plaintiff Samsara Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MOTIVE TECHNOLOGIES, INC.,

*Plaintiff and Counterclaim Defendant,*

v.

SAMSARA INC.,

*Defendant and Counterclaim Plaintiff.*

CASE NO. 3:24-CV-00902-JD

**DEFENDANT AND COUNTERCLAIM PLAINTIFF SAMSARA INC.'S NOTICE OF MOTION AND MOTION TO STRIKE MOTIVE'S AMENDED INITIAL DISCLOSURES**

Judge: The Honorable James Donato
Hearing Date: September 17, 2026
Time: 10:00 a.m.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 17, 2026 at 10:00 am, or as soon thereafter as it may be heard, in the courtroom of the Honorable James Donato, San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant and Counterclaim Plaintiff Samsara Inc. respectfully moves pursuant to Federal Rule of Civil Procedure 37(c) to strike Motive's late disclosure of Scott Morford and Prateek Bansal in amended Rule 26 disclosures served two days before the close of fact discovery. This motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Jaysen Chung and supporting exhibits, and other referenced pleadings and papers filed in this action.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Motive's late disclosure of Scott Morford and Prateek Bansal in amended Rule 26 disclosures, just two days before the close of fact discovery, should be stricken, and thus whether Motive should be precluded from relying on testimony or evidence from either witness.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

III. MOTIVE'S LATE DISCLOSURE OF MR. MORFORD AND MR. BANSAL SHOULD BE STRICKEN ..... 2

A. Motive Disclosed Mr. Morford and Mr. Bansal for the First Time Just Two Days Before the Close of Fact Discovery ..... 2

B. Motive Has No Excuse for Its Late Disclosure, Which Severely Prejudices Samsara ..... 4

IV. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baird v. Blackrock Inst. Trust Co.*, 330 F.R.D. 241 (N.D. Cal. 2019) ....................3, 4

*E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 WL 3062160 (E.D. Cal. June 19, 2018) ....................5

*Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617 (N.D. Cal. Oct. 26, 2015) ....................3

*Firstface Co. v. Apple, Inc.*, No. 3:18-cv-02245-JD, Dkt. 170 (N.D. Cal. Sept. 12, 2022) ....................3

*Firstface Co. v. Apple, Inc.*, No. 3:18-cv-02245-JD, 2022 WL 22919265 (N.D. Cal. Oct. 20, 2022)....................3

*Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, 2024 WL 5150447, (N.D. Cal. Aug. 8, 2024), *motion for relief from judgment denied*, 2024 WL 5205540 (N.D. Cal. Dec. 22, 2024)....................3, 5

*Markson v. CRST Int'l, Inc.*, No. 5:17-cv-1261-SB-SPX, 2021 WL 5969519 (C.D. Cal. Nov. 23, 2021) ....................3

*Vieste, LLC v. Hill Redwood Development*, No. 3:09-cv-04024-JSW, 2011 WL 2181200 (N.D. Cal. June 3, 2011)....................3

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001)....................4

**Rules**

Fed. R. Civ. P. 26(a)(1)(A)(i)....................3

Fed. R. Civ. P. 26(e)(1)(A) ....................3

Fed. R. Civ. P. 37(c)(1) ....................1, 3, 4

## I. INTRODUCTION

On July 22, 2026, with just two days left in fact discovery, Motive for the first time disclosed two Motive employees who have information relevant to its trade secret misappropriation claim: Scott Morford and Prateek Bansal. Motive's exceptionally late disclosure of them should be stricken.

There is no excuse for Motive's failure to comply with its disclosure obligations under Federal Rule of Civil Procedure 26. In September 2025, Motive served initial disclosures identifying *other* individuals (including its CEO)—not Mr. Morford or Mr. Bansal—as having information relevant to its trade secret claim. Likewise, in response to Samsara's May 2026 interrogatory asking Motive to "[i]dentify[] all persons with knowledge of the factual basis" for Motive's trade secret allegations, Motive failed to name either witness. Samsara relied on Motive's disclosures, including in making decisions about ESI custodians and search terms, as well as deposition planning. Then, at the end of fact discovery, Motive surprised Samsara with the disclosure of these two witnesses.

Motive's discovery violation here only further underscores the fundamental problem with Motive's trade secret claim: in the two years since Motive filed this case, it has failed to identify *any trade secret*.[1] In this episode, Motive resisted identifying its trade secret by concealing the identity of its key witnesses until it was too late for Samsara to seek meaningful discovery from them. Thus, under Rule 37(c)(1), Motive's late disclosure of Mr. Morford and Mr. Bansal should be stricken, and Motive should be precluded from relying on any testimony and evidence supplied by them.

## II. BACKGROUND

In February 2024, Motive filed its complaint against Samsara, asserting several causes of action including trade secret misappropriation under both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act. Dkt. 1. On September 11, 2025, Motive served its initial disclosures under Rule 26, identifying two Motive employees as having information relevant to its trade secret claims: Chief Executive Officer Shoaib Makani and Chief Marketing Officer Robson Grieve. Ex. 1 (Motive's Initial Rule 26 Disclosures) at 3. Scott Morford and Prateek Bansal, the individuals who are the subject of this motion and were employed at Motive since at least 2019, were not identified.

---

[1] Samsara has detailed this deficiency in a separate motion to compel. Dkt. 235.

Throughout fact discovery, Motive never indicated that either Mr. Morford or Mr. Bansal had relevant knowledge about Motive's alleged trade secrets. In May 2026, Samsara served Interrogatory No. 25 ("Samsara's ROG 25") seeking the identification of Motive's trade secrets, including an "[i]dentif[ication] [of] all persons with knowledge of the factual basis" for Motive's trade secret allegations, Motive never named either individual. Ex. 2 (Samsara's ROG 25) at 4 (defining "Set Forth the Complete Basis" as requiring an "[i]dentif[ication] [of] all persons with knowledge of the factual basis" "for a particular contention or allegation"); *id.* at 7. Motive's response did not identify Mr. Morford or Mr. Bansal. Ex. 3 (Motive's ROG 25 Response). Samsara made decisions about discovery, including in its extensive ESI custodian and search term negotiations with Motive that lasted through July 2026, without any notice that Motive believes these two witnesses have relevant information about Motive's trade secrets and may call them at trial.

Then, on July 22, 2026—two days before the July 24 close of fact discovery—Motive identified Mr. Bansal and Mr. Morford in amended Rule 26 disclosures, stating that each has information "relevant to Motive's trade secret claims." Ex. 4 (Motive's Amended Rule 26 Disclosures). Motive also removed Mr. Grieve, even though Samsara had long been seeking his ESI and deposition based on Motive's September 2025 disclosures. That same day, after receiving Motive's amended Rule 26 disclosures, Samsara requested that Motive remove both Mr. Bansal and Mr. Morford from Motive's disclosures given their considerably late identification. *Id.* ¶ 3. Motive refused without explanation. *Id.*

## III. MOTIVE'S LATE DISCLOSURE OF MR. MORFORD AND MR. BANSAL SHOULD BE STRICKEN

Motive's disclosure of Mr. Morford and Mr. Bansal only two days before the close of fact discovery should be stricken, and Motive should be precluded from relying on any testimony or evidence from them.

### A. Motive Disclosed Mr. Morford and Mr. Bansal for the First Time Just Two Days Before the Close of Fact Discovery

Motive violated its disclosure obligations with respect to Mr. Morford and Mr. Bansal, and

therefore should be precluded from relying on any evidence supplied by these individuals, including through discussions with expert witnesses or at trial. Rule 26 requires parties to identify "each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties have an ongoing duty to supplement disclosures "in a timely manner" once they learn a response is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Because the duty is ongoing, a disclosure is not timely merely because it preceded the close of fact discovery. *See Baird v. Blackrock Inst. Trust Co.*, 330 F.R.D. 241, 243, 248 (N.D. Cal. 2019); *Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *2–3 (C.D. Cal. Nov. 23, 2021). Rule 37 "gives teeth" to these requirements by "forbidding" a party from relying on testimony or other evidence supplied by a witness whom the party disclosed late. *Baird*, 330 F.R.D. at 243; *see* Fed. R. Civ. P. 37(c)(1).

Courts in this District regularly strike late-disclosed witnesses, including in circumstances far less egregious than Motive's conduct here. For instance, in *Baird*, the court struck the disclosure of multiple witnesses identified six weeks before the close of fact discovery, noting the defendant failed to "explain why it could not have timely amended its disclosures before" that date. *See Baird*, 330 F.R.D. at 243, 248. Similarly, in *Vieste, LLC v. Hill Redwood Development*, the court struck the disclosure of former-employee witnesses where it was made two weeks before the close of fact discovery. 2011 WL 2181200, at *2–3 (N.D. Cal. June 3, 2011). In *Homyk v. ChemoCentryx, Inc.*, the court likewise struck the disclosure of witnesses made seven weeks before the close of fact discovery because the late disclosure "left virtually no time for additional fact discovery." 2024 WL 5150447, at *7–8 (N.D. Cal. Aug. 8, 2024), *motion for relief from judgment denied*, 2024 WL 5205540 (N.D. Cal. Dec. 22, 2024). Here, Motive's disclosure of Mr. Morford and Mr. Bansal a mere *two days* before the close of fact discovery falls far short of the standard for timeliness in this District. *See also Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 9900617, at *2–4 (N.D. Cal. Oct. 26, 2015) (witnesses disclosed a few days before the close of fact discovery); *Firstface Co. v. Apple, Inc.*, No. 3:18-CV-02245-JD, Dkt. 170 at 3 (N.D. Cal. Sept. 12, 2022) (motion to strike explaining witness was disclosed one day before the close of fact discovery); *Firstface Co. v. Apple, Inc.*, No. 3:18-CV-02245-JD, 2022 WL 22919265, at *1 (N.D. Cal. Oct. 20, 2022) (granting motion to strike).

Motive has no justification for this failure. Mr. Morford and Mr. Bansal are both longtime current or former Motive employees who have been with the company since at least 2019. Motive therefore knew or should have known their relevance when it filed its complaint in February 2024 and when it served its initial Rule 26 disclosures in September 2025. Yet, it identified neither. Instead, Motive strung Samsara along through months of fact discovery, including through extensive ESI negotiations and deposition scheduling, before disclosing these individuals for the first time in amended Rule 26 disclosures on July 22, 2026—just two days before the close of fact discovery. This failure is particularly unacceptable given Samsara's ROG 25, which expressly asked Motive for an "[i]dentif[ication] [of] all persons with knowledge of the factual basis" for its trade secret allegations. Motive failed to name either individual. Ex. 2 (Samsara's ROG 25) at 4; *id.* at 7; *see* Ex. 3 (Motive's ROG 25 Response); *Baird*, 330 F.R.D. at 244 (holding that a party's late disclosure of a witness was "particularly" improper where "in response to interrogatories requesting the identification of all individuals involved in the choosing of funds, [the party] did not identify" that witness).

**B. Motive Has No Excuse for Its Late Disclosure, Which Severely Prejudices Samsara**

Motive's late disclosure is not "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see also Baird*, 330 F.R.D. at 243 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Indeed, Motive has offered no explanation at all for its delay—it has none. The prejudice to Samsara is severe and irreparable at this stage if Mr. Morford and Mr. Bansal are permitted to testify or otherwise supply evidence.

To start, Samsara has been harmed because it relied on Motive's disclosures and its interrogatory responses in fact-discovery decisionmaking, including selecting ESI custodians, determining where to focus discovery requests, and deciding whom to depose. None of these decisions accounted for Mr. Morford and Mr. Bansal because Motive concealed their relevance, even when Samsara's ROG 25 requested identification of persons with relevant knowledge. Samsara had no independent way of knowing these individuals, among the many dozens appearing on Motive's produced documents, were central to Motive's trade secrets case. To undo the harm caused, Samsara would need to revisit those decisions and redo discovery with these individuals in mind. But Motive

gave Samsara no time to do so because Motive waited until the close of fact discovery to disclose them. *See Homyk*, 2024 WL 5150447, at *7 (holding the late disclosures were not harmless where the plaintiff "conducted extensive discovery in reliance on Defendants' initial Rule 26 disclosures"). Even more, Mr. Bansal appears to no longer be an employee of Motive. Thus, prior to Motive's untimely disclosure of him, Samsara also had no way of obtaining his contact information or knowing he was represented by Motive's counsel, and Samsara would have had to engage in third-party discovery to depose him.

Furthermore, the prejudice to Samsara is compounded by Motive's simultaneous refusal to identify any trade secret—a serious deficiency for which Samsara has sought relief. Dkt. 235. Despite Samsara's repeated requests, Motive identified only broad, catch-all categories of alleged trade secrets rather than any concrete identification of what was allegedly misappropriated. *See, e.g.*, *id.*; *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *5 (E.D. Cal. June 19, 2018) ("[A] defendant cannot be expected to prepare its rebuttal to trade secrets claim without some concrete identification of exactly [what] was misappropriated or incorporated into the defendant's product."). Thus, because Motive refuses to identify what its trade secrets are, Samsara cannot even assess what Mr. Morford and Mr. Bansal supposedly know about them in the first place. In addition, because Motive concealed these witnesses until the eve of the fact discovery cutoff, Samsara could not seek their documents or deposition to pin down any specific trade secret. Motive's concealment thus gives Motive a further opportunity to morph its trade secrets case based on what it learns from Samsara during discovery, and prevents Samsara from building a rebuttal case. Motive's misconduct guarantees that Samsara remains blind to the trade secrets Motive alleges Samsara took until trial and prevents any fair opportunity for cross examination.

## IV. CONCLUSION

Samsara respectfully asks that the Court strike Motive's late disclosure of Mr. Morford and Mr. Bansal, and accordingly preclude Motive from relying on any testimony or evidence from these witnesses in this case.

DATED: July 31, 2026

Respectfully submitted,

/s/ Josh Krevitt
Josh Krevitt (SBN 208552)
Brian A. Rosenthal (*Pro Hac Vice*)
Katherine Q. Dominguez (*Pro Hac Vice*)
Allen Kathir (*Pro Hac Vice*)
Allyson Parks (*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
JKrevitt@gibsondunn.com
BRosenthal@gibsondunn.com
KDominguez@gibsondunn.com
AKathir@gibsondunn.com
AParks@gibsondunn.com

Jaysen S. Chung (SBN 280708)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
JSChung@gibsondunn.com

Stuart M. Rosenberg (SBN 239926)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300
Facsimile: 650.849.5333
SRosenberg@gibsondunn.com

Nathaniel R. Scharn (SBN 305836)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220
NScharn@gibsondunn.com

Hannah L. Bedard (*Pro Hac Vice*)
Wendy Cai (*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539
HBedard@gibsondunn.com
WCai@gibsondunn.com

*Attorneys for Defendant and Counterclaim Plaintiff Samsara Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 31, 2026, with a copy of this document via electronic mail.

*/s/ Josh A. Krevitt*
Josh A. Krevitt